## Case No. 10,417.

### The OCEAN WAVE.

[5 Biss. 378;[1] 5 Chi. Leg. News, 565.]

District Court, E. D. Wisconsin. Aug., 1873.[2]

#### LIBEL BY RE-INSURERS.

Re-insurers having paid to the insurer their proportions of a loss insured against, may maintain a libel in rem in their own names to recover of the carrier the amounts so paid, with interest, where the owner had been fully satisfied for the loss by the original insurer.

[Cited in The Robertson, Case No. 11,923.]

This was a libel by the Home Insurance Company of New York, and the Merchants' Insurance Company of the city of Chicago, re-insurers, against the steamboat Ocean Wave. The St. Paul Fire and Marine Insurance Company of the state of Minnesota made assurance upon a cargo of wheat shipped by Beaupre & Kelley on said steamboat, to be transported from St. Paul to Prairie du Chien. The libellants severally re-insured the St. Paul Company in a portion of the amount of its policy. A portion of the cargo being damaged, the St. Paul Insurance Company paid the amount of the loss to the insured. These two insurance companies paid to the St. Paul Company their respective portions of the loss, and bring this libel to recover of the steamboat the amount so paid, with interest, claiming to be subrogated to the rights and interests of the original insurer, and the owner and the shipper in the bill of lading.

In regard to the several policies of insurance, the answer of the claimant neither admits nor denies, but leaves the libellants to make such proof in reference thereto as they may be advised.

The evidence submitted at the hearing on the merits, was the policies of insurance and the receipts for the payment of proportions of the loss, according to the contracts of re-insurance. [A decree was entered for libellants. Case No. 10,416.]

Pursuant to an order of reference, the commissioner reported the several amounts, paid by the libellants, of the loss with interest, to which the claimant's counsel filed exceptions, that the libellants were not legally nor equitably subrogated to the rights and interests of the owners and shippers, and have not thereby any claim or right which they can enforce against the steamboat or the claimant. The libel alleges, that by reason of the re-insurance and the payment of the proportion of the loss, these libellants are subrogated to all the rights and interests of the St. Paul Insurance Company and of the owners and shippers in the bill of lading.

N. J. Emmons, for libellant.

J. W. & A. L. Carey, for respondent, cited [Carrington v. Com. Ins. Co., 1 Bosw. 152];[3] Herckenrath v. American Mut. Ins. Co., 3 Barb. Ch. 63; Hastie v. De Peyster, 3 Caines, 190; Eagle Ins. Co. v. Lafayette Ins. Co., 9 Ind. 443; Hone v. Mutual Safety Ins. Co., 1 Sandf. 137; King v. State Mut. Fire Ins. Co., 7 Cush. 1.

MILLER, District Judge. This libel is not founded on the privity of contract between the libellants and the shippers or owners of the cargo. There is no such privity of contract. The insured had no claim or demand, either legal or equitable, against these libellants upon their policies of re-insurance.

The libellants re-insured the St. Paul Insurance Company as to portions of its risk. Their contracts were directly with that company, and bound them to pay certain portions of the loss. The libellants indemnified the St. Paul Company against paying the whole loss, to the extent of their policies of re-insurance, which they have paid. They stood in the nature of sureties to the St. Paul Company. It is a certain and fixed rule in equity that sureties, upon paying the debt, or a portion of it, become entitled to collaterals or securities in the hands of the principal, not by privity of contract, but upon the principle of subrogation, or as equitable assignees.

The shipper has been fully satisfied for the loss by the St. Paul Insurance Company, but in part with funds contributed by the libellants upon their policies of re-insurance. The carrier is not presumed to know, or bound to inquire, as to the relative equities of parties claiming satisfaction for the loss. Nor can the carrier be allowed, in a court of admiralty, to set up as a defense the equities between the insurer and the insured, or between several insurers, unless he has made full satisfaction to the proper party in interest, as the owner or the shipper.

In admiralty, the insurer, if he has the equitable right to the whole or any part of

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

[2] [Affirmed by circuit court. Case unreported.]

[3] [From 5 Chi. Leg. News, 565.]

the damages, may intervene and become the dominus litis, when he can show an abandonment of the insured property, or satisfaction of the loss insured against.

The insured might have brought a libel for the use of these several insurance companies; or the St. Paul Insurance Company might have brought its libel for itself and for the use of these libellants. And if the use were not expressed in the record, the insurance companies, or any of them, could intervene for their interests, even after a decree. If such be the practice in admiralty, why should not these libellants be permitted to maintain this libel?

"A mere payment of a loss, whether partial or total, gives the insurers an equitable title to what may be afterwards recovered from other parties on account of the loss. The effect of the payment of a loss is equivalent in this respect to that of an abandonment."

I have disposed of the exceptions without regard to the question whether the matter presented should not have been alleged in the answer.

The exceptions are overruled, and a decree is ordered for the libellants.

NOTE. An appeal was taken to the circuit court, and was heard at the April term, 1875, before Drummond, J., who, in a short oral opinion, expressed concurrence in the judgment of the district judge and affirmed the decree. [Case unreported.]
Phil. Ins. § 1723; The Keokuk [Case No. 7,721]; The Ann C. Pratt, [Id. 409]; The Monticello v. Mollison, 17 How. [58 U. S.] 152; Hill v. Nashville & C. R. Co., 13 Wall. [80 U. S.] 367.