**UNIVERSAL INS. CO. v. OLD TIME MOLASSES CO. et al. \***

No. 5996.

Circuit Court of Appeals, Fifth Circuit.

Feb. 18, 1931.

*Rehearing denied March 31, 1931.

Eberhard P. Deutsch, of New Orleans, La. (Single & Single, of New York City, and Deutsch & Kerrigan, of New Orleans, La., on the brief), for appellant.

Henry N. Longley, of New York City, Edwin C. Hollins, Geo. H. Terriberry, and Jos. M. Rault, all of New Orleans, La. (Bigham, Englar, Jones & Houston, of New York City, Rosen, Kammer, Wolff & Farrar, of New Orleans, La., T. Catesby Jones and Henry N. Longley, both of New York City, Edwin C. Hollins, of New Orleans, La., and W. J. Nunnally, Jr., of New York City, on the brief), for appellees.

Before BRYAN and WALKER, Circuit Judges.

WALKER, Circuit Judge.

After the owner of the steamship Caloria had filed a petition for a limitation of its liability for any loss, damage, or injury arising out of or in consequence of a described grounding of that vessel while on a voyage from Port au Prince, Haiti, to New Orleans; after the filing of an ad interim stipulation in the sum of $56,920.85 for the value of that vessel and its pending freight; after the issue of a monition and notice to prove claims, pursuant to an order of the court which stayed and restrained, "until the hearing and determination of this proceeding, the beginning or prosecution of any and all suits, actions or legal proceedings of any nature or description whatsoever, except in the present proceeding, in respect to any claim arising out of, consequent upon, or connected with the grounding of the steamship Caloria which occurred on May 3, 1929"; and after

the appellees, Old Time Molasses Company. and Kentucky Alcohol Corporation, respectively; the charterer of the vessel and the consignee of its cargo of molasses, had filed a claim for loss of part of that cargo and damage to the remainder of it, and an answer to the limitation of liability petition—the appellant, the Universal Insurance Company of Newark, N. J., filed a petition of intervention and an answer to the petition for a limitation of liability. The petition of intervention contained allegations to the following effect: Said cargo of molasses was insured for the account of the Old Time Molasses Company by the Standard Marine Insurance Company under its certain open policy designated as No. 11216, against marine and other risks therein specified. The intervener, the appellant here, reinsured the Standard Marine Insurance Company to the extent of one-half of its losses, if any, under said policy No. 11216, and for that purpose issued to said Standard Marine Insurance Company intervener's certain open policy of reinsurance designated as No. 11370.

"After the filing of due notice and proofs of loss, the Standard Marine Insurance Company, on or about July 30, 1929, paid to the Old Time Molasses Company, the assured under said policy No. 11216, the sum of $65,-809, the extent of its insured damage by reason of the loss of and damage to said cargo; that thereafter, and on or about the same day, intervener, as reinsurer, paid to said Standard Marine Insurance Company, the sum of $32,904.50, pursuant to the terms of said policy of reinsurance No. 11370; that your intervener thereby and under the terms and conditions of said policies, became subrogated to the rights of said Old Time Molasses Company against any vessel or person whatsoever on account of the loss of, and/or damage to, said cargo by reason of the premises as herein alleged, and became entitled to the benefit of any recovery or damages which said Old Time Molasses Company may receive from any said vessel or person to the extent of one-half thereof, and up to the amount of said $32,904.50 plus interest and costs."

The petition of intervention prayed that appellant be recognized as subrogee of one-half of any recovery which may be awarded to the Old Time Molasses Company against the owner of said vessel up to the sum of $32,904.50, that it have leave to intervene in the proceeding on its own behalf, to file its petition of intervention, and its attached answer to, and claim under, said petition for limitation of liability, and for such other and further relief as equity, law, and the nature of the case may require. The appellees Old Time Molasses Company and Kentucky Alcohol Corporation filed an exception to the petition of intervention and a motion to strike from the records that petition, both the exception and the motion stating the ground that appellant is a stranger to the present proceedings, and without any legal right therein or to be heard therein. The court, on March 12, 1930, sustained that exception and granted that motion. Appellant's petition for appeal was filed April 9, 1930, and the appeal was allowed on May 22, 1930. In this court the above-named appellees moved to dismiss the appeal, setting up as grounds of that motion that the order appealed from is not a final order or decree, but is an interlocutory decree, and that appellant was not allowed to intervene in the proceedings, as required by Admiralty Rule 34 (28 USCA § 723), and was never entitled to file its petition of intervention, claim and answer.

 The motion to dismiss the appeal is not sustainable. Appellant's pleadings asserted a right in a fund in court, or to be brought into court, for administration. The action of the court on the exception to those pleadings and the motion to strike them from the records had the effect of eliminating appellant from the proceedings and denying its right to any relief sought. An order or decree so finally disposing of such a claim is a final decision and subject to be appealed from as such. Credits Commutation Co. v. United States, 177 U. S. 311, 316, 20 S. Ct. 636, 44 L. Ed. 782. The appellees cannot complain of the absence of a formal order permitting the filing of the petition of intervention, as they excepted to that petition on its merits, and thereby evoked a decision of the court having the effect of a denial of any relief sought by the appellant. In re Cutting, 94 U. S. 14, 24 L. Ed. 49; Texas & Pacific Co. v. Cox, 145 U. S. 593, 603, 12 S. Ct. 905, 36 L. Ed. 829.

 The filing, pursuant to the order of the court, of the stipulation for the value of the vessel and its pending freight, had the effect of making that stipulation a substitute for the vessel itself for all claims that may normally arise out of the character of litigation carried on under Admiralty Rule 51 (28 USCA § 723); and the court, by virtue of its exclusive possession and control of that substitute and the fund to be brought into court by means of it, drew to itself all claims asserted against the vessel and its owner,

with the result that the court may furnish a complete remedy for the satisfaction of all valid claims by distribution of the fund so coming into its custody or by judgment in personam for deficiencies against the owner, if not released by virtue of the statute. Hartford Accident Co. v. Southern Pacific Co., 273 U. S. 207, 217, 47 S. Ct. 357, 71 L. Ed. 612. The appellant's allegations show that by its policy of reinsurance it obligated itself to indemnify the Standard Marine Insurance Company to the extent of one-half of that company's losses, if any, under its policy insuring the cargo of molasses, that the original insurer has paid to its assured $65,809, the amount for which it was liable under its policy for loss of cargo insured, and that appellant, pursuant to the terms of its reinsurance policy, has paid to its assured, the original insurer, $32,904.50, one-half of the amount so paid by the latter, and that the owners of the cargo of molasses, the original assured, had asserted in the limitation of liability proceeding a claim against the vessel and its owner of damages for loss of or injury to the insured cargo. "From the very nature of the contract of insurance as a contract of indemnity, the insurer, upon paying to the assured the amount of a loss, total or partial, of the goods insured, becomes, without any formal assignment, or any express stipulation to that effect, * * * subrogated in a corresponding amount to the assured's right of action against the carrier or other person responsible for the loss, and in a court of admiralty may assert in his own name that right of the shipper." Liverpool & Great Western Steam Co. v. Phenix Insurance Co., 129 U. S. 397, 462, 9 S. Ct. 469, 479, 32 L. Ed. 788. The just-quoted statement shows that if no reinsurance had been effected the original insurer, upon paying the entire amount of the loss for which its policy rendered it liable, would have been subrogated to its assured's right of action against the ship or its owner for the loss. Firemen's Insurance Co. v. Bremner (C. C. A.) 25 F.(2d) 75. It seems that it may be implied from the court's ruling that it concluded that the right to be subrogated to the cargo owner's right of action against the ship or its owner accrued to the original insurer only, though the reinsurer supplied one-half of the amount paid to the cargo owner. It is not to be doubted that, under the rules followed in the cited decisions, if the appellant had reinsured the original insurer to the extent of all its losses, if any, under the lat-

ter's policy, and appellant had paid to its assured the entire amount of the loss, and that amount in turn had been paid by the original insurer to its assured, the appellant would have been entitled to be subrogated to its assured's right of action against the vessel or its owner for the loss. In that situation appellant would have been the only party beneficially interested in the right of action which was the subject of a subrogation. The equitable considerations which give rise to a right of subrogation in favor of an insurer who pays the loss insured against apply in favor of a reinsurer who complies with his obligation to his reassured, whether that obligation is for the whole or part of the amount of the loss incurred by the latter in favor of his assured. The Ocean Wave, 18 Fed. Cas. 568, No. 10,417. In the circumstances disclosed the original insurer could not plausibly have contended that it was equitably entitled to recover for itself the entire amount paid under its policy, the appellant having furnished one-half of that amount. The effect of the court's action was a denial of any right of appellant to have any relief in the limitation of liability proceeding, though appellant's allegations showed that it had, pursuant to its contract obligation to do so, contributed one-half of the amount which, as a result of a loss of cargo, due to a risk insured against, was required to be paid, and was paid, by the insurer of the cargo to its owner, and though any right of the appellant to be subrogated, to the extent of the amount so paid by it, to the cargo owner's right of action against the vessel or its owner for loss of or damage to the cargo could not be asserted elsewhere than in that proceeding, which vested the court with exclusive jurisdiction to pass on, and if allowed enforce, all claims to or against the vessel or its owner. A reinsurer, situated as appellant's petition showed it was, is within the reason of the rule that an insurer may intervene in a court of admiralty if he has the equitable right to the whole or any part of the damages recoverable of a ship or its owner in a limitation of liability proceeding. The Monticello v. Mollison, 17 How. 152, 15 L. Ed. 68.

We conclude that the decree appealed from was erroneous. That decree is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed.