GLOBE INDEMNITY COMPANY, Appellant, *v.* ATLANTIC LIGHTERAGE CORPORATION, Respondent.

(Argued April 17, 1936; decided May 19, 1936.)

235

*F. A. W. Ireland* for appellant.

*Samuel E. Swiggett* and *Alfred W. Andrews* for respondent.

FINCH, J.   An employee of the International Elevating Company sustained injuries in the course of his employment claiming negligence on the part of the defendant, the Atlantic Lighterage Corporation.   Pursuant to the Longshoremen's and Harbor Workers' Compensation Act (44 U. S. Stat. 1424) an award was made in favor of the employee against the International Elevating Company.

The plaintiff, the Globe Indemnity Company, which had insured the International Elevating Company, paid the award. The plaintiff then, claiming to be subrogated to the cause of action against the defendant, instituted this action to recover damages for the personal injury to the employee resulting from the negligence of the defendant. Two causes of action were set forth in the complaint. The Special Term granted a motion to dismiss the second cause of action but refused to dismiss the first cause. On appeal by the defendant to the Appellate Division the first cause also was dismissed.

The Longshoremen's and Harbor Workers' Compensation Act provides that the acceptance of compensation by an employee shall operate as an assignment to the employer of all rights of the employee to recover damages against third persons. (§ 33, subd. b.) It further provides that an employer shall retain out of any amount received on account of such assignment all sums paid as compensation, the present value of all amounts payable as compensation, the cost of all benefits furnished the employee and all expenses incurred in connection with the proceedings; and that the "employer shall pay any excess to the person entitled to compensation or to the representative." (§ 33, subd. e-2.)

The Federal statute, unlike the New York Workmen's Compensation Law (Cons. Laws, ch. 67, § 29), does not provide that the award operates as an assignment to the insurer of the cause of action of the injured employee against third persons, but as noted confines it to the employer. The United States Supreme Court has held that where an insurer under the Federal act has paid an award it has a right to share in the recovery obtained in an action by the employer against the third party. (*Ætna Life Ins. Co.* v. *Moses*, 287 U. S. 530.) The holding is clear that the insurer alone may not bring an action against the third party. "The insurer's right of subrogation does not alter the fact that it is the employer who is directed by the statute to distribute the proceeds of the recovery, in which the insurer has only a partial

interest. Accordingly, the employer is the party to bring the action and the only necessary party plaintiff in the case before us." (*Ætna Life Ins. Co.* v. *Moses, supra,* at p. 542.)

In *Doleman* v. *Levine* (295 U. S. 221) an employee was killed as the result of negligence of a third party and left surviving a widow and a dependent father entitled to compensation. The widow elected to receive compensation from the employer but the father declined compensation and brought suit against the third party. It was held that the father could maintain the suit and, therefore, that the employer, although he had paid an award to the widow, could not split the cause of action and sue the third party. Mr. Justice STONE, writing for an unanimous court, pointed out that:

" The right of the employer to reimbursement from the recovery is derived from his subrogation, under § 33 (b) of the Compensation Act, to the rights of the dependent widow to whom he is bound to pay compensation. Apart from statute, the indemnitor's right by subrogation to stand in the place of his indemnitee, who is entitled to a part only of the proceeds of a single cause of action, does not carry with it any authority to maintain the action in his own name. See *Mandeville* v. *Welch,* 5 Wheat. 277, 286; *Shankland* v. *Washington,* 5 Pet. 390; *Vinal* v. *West Virginia Oil & Oil Land Co.,* 110 U. S. 215. He is in the position of a partial assignee of the chose in action, and as such is entitled to his share of the proceeds of the action when recovered and may secure their recovery by resort to equity, in a suit joining proper parties, to compel action by the legal owner and appropriate distribution of the proceeds. See *Peugh* v. *Porter,* 112 U. S. 737, 742; *Fourth Street Bank* v. *Yardley,* 165 U. S. 634, 644; *Ætna Life Insurance Co.* v. *Moses, supra,* 542, n. 3 " (p. 225).

" The section does not purport to split the cause of action. A purpose to do violence to the firmly grounded tradition of the unity of a cause of action at law, by

casting on the defendant the burden of defending two suits, is hardly to be implied " (p. 226).

The position of the insurance company in the case at bar is no better than that of the employer in the case of *Doleman* v. *Levine* (*supra*). The statutory provision provides for the subrogation of the employer, not the insurance company. If the courts should hold that the insurance company likewise was subrogated so that it could maintain the action alone it could recover only to the extent that it had indemnified the employer, and as the cause of action could not be split (*Doleman* v. *Levine, supra*), no other suit could be brought with the result that the provisions of the statute giving this right of subrogation in the first instance to the employer would be defeated, if the insurer first brought suit. The employer has a right to recover not only the amount awarded to the claimant but the entire damages, paying the " excess " to the injured employee. A determination that the insurance company could maintain the action although the employer was not a party thereto would necessitate a holding that there could be a division of the cause of action and the bringing of two separate suits against the third party. This court has held that a cause of action to recover damages for personal injuries cannot be split up. ( *United States F. & G. Co.* v. *Graham & Norton Co.*, 254 N. Y. 50. See *General A. F. & L. Assurance Corp.* v. *Zerbe Construction Co.*, 269 N. Y. 227, 231.)

The insurance company can demand that the employer bring the action to which he is subrogated and if he refuses it may bring such action making the employer a party thereto. The insurance company cannot be deprived of its right of subrogation to the extent that it has paid the award. The court will afford this relief when the employer is brought into the action.

The judgment of the Appellate Division should be affirmed, with costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ., concur.

Judgment affirmed.