**THE ETNA.**

**MITCHELL v. THE ETNA et al.**
No. 8125.

Circuit Court of Appeals, Third Circuit.

Submitted on Briefs Dec. 21, 1942.
Decided Sept. 9, 1943.

See, also, 43 F.Supp. 303.

Raymond Pace Alexander and Howard M. Long, both of Philadelphia, Pa., for appellant.

S. B. Fortenbaugh, Jr., of Philadelphia, Pa. (Shields, Clark, Brown & McCown, of Philadelphia, Pa., on the brief), for Jarka Corporation of Philadelphia, appellee.

Before BIGGS, MARIS, and JONES, Circuit Judges.

JONES, Circuit Judge.

The decree here appealed from allowed an employer to intervene in the admiralty suit which his employee had instituted against third persons for damages for personal injury and accorded to the employer a right of subrogation, in respect of the employee's recovery, to the extent of the compensation and medical expenses theretofore paid by the employer in accordance with the Longshoremen's and Harbor Workers' Compensation Act[1] because of the injury which was the subject-matter of the employee's suit for damages. The relevant facts out of which the present controversy arises are as follows.

The plaintiff, Mitchell, an employee of the Jarka Corporation whose business is that of stevedoring as an independent contractor, was seriously injured on April 15, 1940, while engaged for his employer in unloading cargo from the steamship "Etna" owned and operated by Aktievolaget Transmarine, a Swedish corporation. Jarka promptly gave the local deputy commissioner the required notice of Mitchell's injury and of the commencement of Jarka's payment of compensation to him, which was at the maximum weekly rate prescribed by the Compensation Act. The payments were made by checks of Jarka to the order of Mitchell, each bearing a notation indicating that it was in payment of compensation or medical expenses under "U.S. Public Act No. 803", i. e., the Longshoremen's Compensation Act. In addition to the compensation payments, Jarka reimbursed Mitchell for medical expenses to which he claimed to have been subjected by his injury and also paid his hospital expenses and doctors' bills which, for the most part, had been incurred during his five months hospitalization following his injury.

On January 7, 1941, Mitchell instituted his suit in admiralty seeking damages from the "Etna" and her owner on the ground that his injury was the direct result of their negligence in the stowing of the cargo which collapsed and injured him. But it was not until May 22, 1941 (just four days before trial of the admiralty suit was commenced), that Mitchell filed with the deputy commissioner his election under the Act to sue the allegedly responsible third persons for damages instead of receiving compensation from his employer. Mitchell had not only accepted the compensation payments, which his employer had regularly made from the date of the injury, but he continued so to do down to February 1942. On February 9, 1942, the District Court

[1] 44 Stat. 1424 c. 509, § 3, 33 U.S.C.A. § 903 et seq.

rendered judgment in his favor and against the owner of the "Etna" and the owner's surety in the sum of $12,000. No appeal was taken from that judgment, which, when paid, would be more than sufficient to cover the whole of the employer's liability under the Act, which was $7,500 for compensation, whereof $1,743.43 had already been paid in weekly installments, and $2,164.85 for medical expenses including the hospital's and doctors' services, which the employer had also paid.

After recovering judgment against the owner of the "Etna" and its surety, Mitchell refused to recognize his employer's claim to subrogation for the compensation and medical expenses theretofore paid. Jarka thereupon petitioned the admiralty court for leave to intervene in Mitchell's suit against the "Etna" and her owner for the purpose of having its right to subrogation and the amount thereof determined and impressed upon the money due Mitchell under his judgment against the third persons. Upon agreement of counsel for all parties in interest, including the owner of the "Etna" and the surety, $8,091.72 on account of the judgment was forthwith paid to Mitchell and the balance of $3,908.28, which equalled the payments made by the employer for compensation and medical expenses, was deposited in the registry of the court to abide the court's ultimate order with respect to the employer's claim to subrogation. It was in these circumstances that the District Court entered the decree allowing Jarka to intervene in the admiralty suit and directing the clerk to pay the fund, then in the registry of the court, to the Jarka Corporation in discharge of its right to reimbursement. It is that decree from which the plaintiff took the present appeal.

The appellant contends (1) that the employer is not entitled to subrogation for the reason that the acceptance of the compensation paid the plaintiff was not "under an award in a compensation order filed by the deputy commissioner" as provided for in Sec. 33 (b) of the Longshoremen's Com-

pensation Act and (2) that the District Court was without jurisdiction to hear and determine the employer's claim to subrogation on a petition to intervene in the plaintiff's suit in admiralty against the third persons.

Sec. 33 (a) of the Longshoremen's Compensation Act, 33 U.S.C.A. § 933, provides, that: "(a) If on account of a disability or death for which compensation is payable under this chapter the person entitled to such compensation determines that some person other than the employer is liable in damages, he may elect, by giving notice to the deputy commissioner in such manner as the commission may provide, to receive such compensation or to recover damages against such third person."

Then follows subdivision (b) of Sec. 33 upon which the appellant bases his first contention: "(b) Acceptance of such compensation under an award in a compensation order filed by the deputy commissioner shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person."

Subdivision (e) of Sec. 33 prescribes how "Any amount recovered by such employer on account of such assignment * * * shall be distributed * * *." [2]

In assigning Sec. 33 (b) as the measure of an employer's right to reimbursement for compensation and medical expenses paid on account of an injury to an employee where a third person is answerable in damages for inflicting the injury, we think that the appellant misconceives both the purpose and the scope of that provision and entirely ignores the right to subrogation which, under equitable principles, attaches where one, not acting officiously, pays money on account of a legal obligation resting upon him for the imposition whereof another is held pecuniarily responsible. See Restatement, Restitution, § 162, p. 653, and comment thereon. In the instant case, the employer's payments, both of compensation and of medical expenses, were in accordance with and

---

[2] "(1) The employer shall retain an amount equal to—

"(A) the expenses incurred by him in respect to such proceedings or compromise * * *;

"(B) the cost of all benefits actually furnished by him to the employee under section 907 [medical services and supplies];

"(C) all amounts paid as compensation;

"(D) the present value of all amounts thereafter payable as compensation * * *; and

"(2) The employer shall pay any excess to the person entitled to compensation or to the representative."

pursuant to its liability as prescribed by the Compensation Act and not otherwise. The employer, unless it controverted its liability, could not have done other than pay compensation except it violate the requirements of Secs. 7 (a) and 14 (a) of the Act, 33 U.S.C.A. §§ 907 (a), 914 (a). No reasonable basis is present, therefore, for considering the employer's payments either as gratuitous or as voluntary, as the appellant would have us do.

As we have seen, Sec. 33 (a) gives the injured employee a right to elect either "to receive * * * compensation or to recover damages against [a] third person" where the injury for which compensation becomes payable is the fault of a third person. But Sec. 33 (a) does not provide that the employee shall have a right to both compensation from his employer and damages from responsible third persons. This, it seems to us, is an implicit recognition that the employer has a right to reimbursement for his outlay under the Compensation Act out of his employee's adequate recovery from a third person in all cases regardless of whether the employer has become the assignee of the employee's right of action against a third person by paying compensation "under an award" or has paid the compensation "without an award"—a procedure which the Act expressly directs employers to follow. See Sec. 14 (a). The case of Chapman v. Hoage et al., 296 U.S. 526, 528, 56 S.Ct. 333, 80 L.Ed. 370, appears to recognize that a right of subrogation, incident to the relationship of employer and employee, where a third person has been made to answer in commensurate damages for inflicting the compensable injury attaches because of the employee's acceptance of compensation.

Any construction of the Act which would deny an employer a right to reimbursement for compensation payments made in the circumstances here present because the compensation was not paid "under an award in a compensation order filed by the deputy commissioner" would necessarily impute an exclusory effect to Sec. 33 (b) which that provision neither expresses nor implies and would, moreover, defeat one of the principal expressed purposes of the Act.

In passing, it may be noted that the deputy commissioner's records contain a timely notation of the commencement of Jarka's payment of compensation to Mitchell. In a case involving entries hardly any more formal than here the Court of Appeals for the Second Circuit held that the deputy commissioner's notations in his records of the disposition he had made of the employee's claim for compensation "was equivalent to an order and satisfied the provisions of the amendment [i. e. in Sec. 33 (b)]." See Toomey v. Waterman Steamship Co., Ltd., 123 F.2d 718, 721. However that may be, the employer in the instant case does not assert that the compensation was paid "under an award" in an order filed by the deputy commissioner nor does it claim that, by virtue of the payment of compensation, it became the assignee of Mitchell's right of action against the third persons responsible for his injury. In fact, Jarka, at Mitchell's request, expressly assented to his bringing an action against the "Etna" and her owner in his own name and right.

Prior to the amendment of the Compensation Act in 1938, any acceptance of compensation by an injured employee forthwith worked an assignment to the employer of the employee's right of action against third persons for his injury. This was in aid of the employer and not a limitation upon his right to subrogation. The reason for the assignment which the law thus afforded is apparent. An injured employee, especially once he has received compensation, may have neither the incentive nor the desire to press his right of action against third persons responsible for his injury. Hence, the law passed to the employer the control of the employee's right of action against third persons once the employee accepted compensation. But the possible harm from an assignment so summarily and so informally acquired became manifest. An injured employee, out of the exigencies of his non-productive situation, might find it necessary to accept compensation at once without thought for his right of action against others. Yet, therewith his control of his right of action against third persons· passed automatically to the employer whose interest in pressing the employee's claim or in pressing it for more than enough to satisfy the employer's requirements, as measured by the extent to which he voluntarily acknowledged liability for compensation, might not be great. Then, as now, it was the employer's right, when the assignment had accrued, to compromise the employee's claim against third persons as he saw fit. But the prospect of the employer's settling the employee's claim

for an amount not commensurate with the injury was less likely if the compensation acknowledged and paid was adequate. Accordingly, the Act was amended in 1938 by providing in Sec. 33 (b) that the assignment should ensue when the employee accepted compensation "under an award in a compensation order filed by the deputy commissioner".[3] This calls for the deputy commissioner's affirmative action which, together with its known legal consequences, engages his supervision on the basis of the employer's liability for compensation under the Act. But even with this change, the assignment remains, just as it was before, concerned with the control of the injured employee's right of action against third persons. The provision neither expresses nor implies a restriction upon the employer's right to subrogation, the circumstances being otherwise appropriate.

No case has been cited, nor have we found any, which holds that an employer's right to reimbursement for compensation paid under the Longshoremen's Compensation Act for an injury for which third persons have been made to answer to the employee in substantial damages exists only where the compensation was accepted "under an award in a compensation order filed by the deputy commissioner". Were that to be construed as the meaning of the Act since the amendment in Sec. 33 (b), then, indeed, would the intent of the Act, as expressed in Sec. 14(a), 33 U.S.C.A. § 914 (a), be effectively thwarted. Sec. 14 (a) provides that: "Compensation under this chapter shall be paid periodically, promptly, and directly to the person entitled thereto, *without an award*, except where liability to pay compensation is controverted by the employer." (Emphasis supplied.)

Thus employers are directed by the Act to pay compensation promptly and directly to their injured employees without an award. But it is, of course, readily apparent that, if subrogation may not be had

by an employer for compensation payments made without an award, then, where the possible liability of a third person was present, the employer would be compelled, in his own interest, to controvert his liability for compensation in the first instance in order to await the filing of an order by the deputy commissioner, and thus succeed to the employee's right of action by assignment. Indeed, the appellant concedes that had Jarka rendered the entry of an award necessary, it could then have obtained reimbursement through the medium of the assigned right of action. Yet the award would have been for no more than what the employee actually received from his employer without an award. Jarka paid Mitchell the maximum weekly rate prescribed by the Act. Moreover, it paid promptly and regularly as Sec. 14 (a) enjoins. We find no intent indicated by the Act to take away from the employer who pays compensation without an award his right to reimbursement out of his employee's recovery from third persons. On the contrary, we think that the intent and scheme of the Act requires that the employer's right to subrogation for compensation payments made in the circumstances here shown be recognized wholly apart from and without regard for the assignment provided for in Sec. 33 (b) of the Act. It is only the right of control of the employee's right of action against third persons which an employer foregoes by paying compensation without an award. His right to reimbursement out of the recovery for the employee's injury remains unaffected.

There remains the question whether the employer's right of subrogation may be enforced by his intervention in the employee's suit in admiralty against third persons. We think it can be. The right so to intervene and to claim the proceeds in the registry of the court are allowed respectively by Rules 34 and 42 of the Admiralty Rules, 28 U.S.C.A. following section 723.[4]

---

[3] Act of June 25, 1938, c. 685, § 12, 52 Stat. 1164, 1168, 33 U.S.C.A. § 933(b).

[4] "Rule 34. How Third Party May Intervene

"If any third person shall intervene in any cause of admiralty and maritime jurisdiction in rem for his own interest, and he is entitled, according to the course of admiralty proceedings, to be heard therein, he shall propound the matter in suitable allegations, to which, if admitted by the court, the other party or parties in the suit may be required, by order of the court, to make due answer; and such further proceedings shall be had and decree rendered by the court therein as to law and justice shall appertain. * * *"

"Rule 42. Claims against Proceeds in Registry

"Any person having an interest in any proceeds in the registry of the court shall have a right, by petition and summary proceedings, to intervene pro interesse

The fund now in the registry of the District Court is an appropriate proportion of the damages recovered for the injury which was the basis and cause of the compensation payments made by the employer for which it seeks reimbursement. The claim of the intervenor thus relates directly to the proceeds derived in admiralty for the injury by reason whereof the employer made the payments which it was under a duty to do by reason of the Longshoremen's Compensation Act. Cf. Universal Ins. Co. v. Old Time Molasses Co., 5 Cir., 46 F.2d 925, 927, and Mason v. Marine Ins. Co., 6 Cir., 110 F. 452, 455, 54 L.R.A. 700. In The Propeller Monticello v. Mollison, 58 U. S. 152, 156, 17 How. 152, 156, 15 L.Ed. 68, the Supreme Court said, by way of dictum, that: "The insurer may at all times intervene in courts of admiralty, if he has the equitable right to the whole or any part of the damages." The right of a principal so to intervene can hardly be less. The rights of an insurer can rise no higher than those of the employing principal. By Secs. 32 (a), 35 and 36 of the Longshoremen's Compensation Act, 33 U.S.C.A. §§ 932 (a), 935, 936 the insurer "is substituted for the employer". See Chapman v. Hoage, loc. cit. supra [296 U.S. 526, 56 S.Ct. 334, 80 L.Ed. 370]. In the instant case the only claim which the employer has against the plaintiff relates to the damages which the plaintiff recovered in his admiralty suit against the third persons responsible for his injury.

In the cases cited by the appellant the respective petitioners for intervention did not claim as subrogees of the libellants. Nor is there any merit in the appellant's contention that the petition to intervene in the instant case was filed too late. That contention was answered in Mason v. Marine Ins. Co., supra, where the same objection was made. The fund in contest is still on hand and in the registry of the court for the express purpose of abiding decision as to the employer's right to reimbursement therefrom. What the Court said in the Mason case, supra [110 F. 455, 54 L.R.A. 700], is pertinent here,—"When the money was paid into court, all the purposes of the decree, so far as the parties to the suit were concerned, were accomplished. The insurance companies [the intervenors] had not been parties to the suit, and it was entirely competent for them, at any time before the final distribution of the fund was made, to intervene for the purpose of presenting their claim to an interest in the fund, and for its establishment by the decree of the court."

The judgment of the District Court is affirmed.

---

suo for delivery thereof to him, and on due notice to the adverse parties, if any, the court shall and may proceed summarily to hear and decide thereon, and to decree therein according to law and justice. * * *"