(AMERICAN) LUMBERMENS MUTUAL CASUALTY COMPANY OF ILLINOIS et al., Plaintiffs, *v.* JOSEPH BESCHNER et al., Defendants.

Supreme Court, Trial Term, New York County, May 18, 1950.

*Edward Ash* and *Sidney A. Schwartz* for plaintiffs.

*Irving H. Saypol, United States Attorney for the Southern District of New York (James M. Estabrook, John J. Foley* and *Leavenworth Colby* of counsel), for defendants.

VALENTE, J. This action was tried without a jury and both sides waived the requirements of findings of fact and conclusions of law. At the conclusion of the trial, with the defendants' consent, the action was discontinued insofar as the plaintiff Pittston Stevedoring Corporation is concerned. Previous to the trial summary judgment was granted in favor of the defendants constituting the law firm of Haight, Deming, Gardner, Poor and Havens, individually, and as trustees, and, as to these defendants, the complaint was dismissed.

At the trial the defendants moved to amend their answer so as to plead the illegality and invalidity of the agreement which the plaintiff alleges as the basis of his first cause of action. The plaintiff insurance company vigorously opposed the motion to amend, but since the trial has withdrawn its opposition and has entered into a stipulation, filed herewith, consenting to the amendment and consenting also that such of the exhibits offered

by the defendants and marked for identification as are now deemed relevant and admissible may be marked in evidence and considered by the court.

The plaintiff (American) Lumbermens Mutual Casualty Company of Illinois, has brought this action to recover the sum of $3,297.97, with interest from June 22, 1949.

The pertinent facts, briefly stated, are that the defendant Joseph Beschner, a longshoreman employed by the Pittston Stevedoring Corporation, sustained certain injuries on April 3, 1947, while working aboard the S. S. *William Cushing,* and he thereafter received compensation paid by his employer's insurer, the plaintiff insurance company, under the applicable provisions of the United States Longshoremen's and Harbor Workers' Compensation Act (U. S. Code, tit. 33, §§ 901–950). Subsequently the injured man, by virtue of the provisions of the Federal statute (U. S. Code, tit. 33, § 933) brought a third-party action in admiralty in the United States District Court against the United States of America, the owner of the vessel, and the general agent, the American Mail Line Ltd.

Upon receiving the required notice of the commencement of the third-party action, the insurance company, under the authority of the statute, suspended payment of the benefits provided thereby. Subsequently an agreement was entered into between the defendant Beschner, the employer and the insurance company, by the terms of which the employer and the insurance company agreed to continue the payments provided by the statute and Beschner agreed to reimburse the employer and the insurance company out of the proceeds of the third-party action. The total payments advanced aggregate the sum of $3,297.97, sought to be recovered here.

The third-party action was settled for $25,000 and a check for that amount, drawn by the American Mail Line Ltd., was delivered to the defendants. At the same time the defendant, Samuel P. Fensterstock, the attorney for Beschner, delivered his check in the amount of $3,297.97 to counsel for the defendants in the admiralty action, apparently because the Pittston Stevedoring Corporation, which had been impleaded in the third-party action in admiralty, had interposed a counterclaim against the United States of America for the amount of the benefits paid under the compensation statute.

The agreement entered into between the defendant Beschner, the employer and the latter's insurer, is not invalid under the provisions of sections 15 and 16 of the Longshoremen's and Harbor Workers' Compensation Act (U. S. Code, tit. 33, §§ 915,

916). Section 15 provides that no agreement by an employee to pay any part of the premium paid by his employer or to contribute to a benefit fund or department maintained by the employer for the purpose of providing compensation or medical services shall be valid. Obviously the agreement here does not come within the prohibited categories. Section 16 prohibits the assignment, release or commutation of compensation or benefits provided by the statute and provides that such compensation and benefits shall be exempt from all claims of creditors and from levy, execution and attachment. The agreement involved in this action does not purport to deal with any compensation or benefit to which the injured employee would be entitled under the provisions of the statute. Beschner agreed to reimburse his employer out of the amount received in settlement of the action against a third party. Such settlement does not constitute compensation or benefits awarded under the statute.

In the present case there was no award of compensation, but, by agreement, the employee undertook to reimburse the employer out of the third-party recovery for benefits paid under the statute. The injured employee may not compel his employer to continue payments of compensation during the pendency of the third-party action (U. S. Code, tit. 33, § 933 subd. [a]). In the present case, however, in return for the continuation of such payments after the commencement of the third-party action, the defendant Joseph Beschner agreed to reimburse his employer out of the proceeds of the third-party action.

Subdivision (a) of section 33 of the act (U. S. Code, tit. 33, § 933, subd. [a]) amounts to an implicit recognition that the employer has a right to reimbursement for his outlay under the Longshoremen's Compensation Act out of his employee's adequate recovery from a third person in all cases regardless of whether the employer has become the assignee of the employee's right of action against a third person by paying compensation "under an award" or has paid the compensation "without an award" — a procedure which the act (U. S. Code, tit. 33, § 914 subd. [a]) expressly directs employers to follow (*The Etna,* 138 F. 2d 37).

No valid reason is suggested, nor does any appear to exist, for holding that the employee and his employer are precluded from agreeing formally to do what the statute accomplishes by its terms. There is nothing in the act which requires the employer to participate in the third-party action as a condi-

tion to reimbursement out of an adequate recovery by the employee in the third-party action.

The failure to specifically name the plaintiff insurance company in the agreement cannot prevent a recovery by it in this action because the proof is uncontrovertible that the intent of the parties was to reimburse the insurance company.

The controlling facts here do not differ in substance from those presented in the case of *Ruggiero* v. *Liberty Mut. Ins. Co.* (272 App. Div. 1027, affd. 298 N. Y. 775), in which summary judgment was awarded to the plaintiff's employer's insurance company who had paid certain benefits and made certain expenditures under the Longshoremen's and Harbor Workers' Compensation Act. The language of the Appellate Division is as follows: " Applying to the undisputed facts herein the controlling doctrine of_ *The Etna* (138 F. 2d 37) requires that the motion for summary judgment in favor of plaintiff's employer's insurance carrier be granted. The Federal statutes and decisions are controlling on the Federal question involved."

The provision in the contract between the stevedoring corporation and the United States of America with reference to waiver of the right of subrogation cannot effectively bar the plaintiff's right to recover on the agreement made by Beschner to repay the amounts advanced for compensation benefits in the event he recovered in the third-party action. The present action is not brought on the theory of subrogation nor is it governed by the rights which the employer or in a proper case the insurer has to subrogation under the provisions of the statute. (See *Globe Ind. Co.* v. *Atlantic Lighterage Corp.*, 271 N. Y. 234, 238.)

Under the terms of the stipulation dated April 25, 1950, defendants' exhibits B, C and D have been considered and will be deemed marked in evidence. The file in the compensation proceeding was offered by the defendants and marked for identification. It was stated that the purpose of the offer was to disprove the allegations of due performance in the complaint. The performance pleaded is the performance of the agreement of reimbursement and not of the contract between the Government and Pittston Stevedoring Corporation. The compensation file need not therefore be included in the evidence.

Based upon the foregoing considerations judgment is given in favor of the plaintiff against the defendant Joseph Beschner on the first cause of action in the amount of $3,297.97 with interest from June 22, 1949. The plaintiff has failed to establish the second cause of action and it is accordingly dismissed.