George Tilzer, J.
Plaintiff moves for summary judgment. The defendant Disbrow, as an injured employee, took and accepted from the plaintiff employer and self-insurer, benefits under the Longshoremen’s and Harbor Workers’ Compensation Act. (U. S. Code, tit. 33, § 901 et seq.) The codefendants, attorneys, represented him in his action brought against third parties to recover damages for negligence. The action ivas settled and the payment was made to the defendants, with knowledge of plaintiff’s lien. There had been no final compensation award. The facts are not in dispute. “Applying to the undisputed facts herein the controlling doctrine of The Etna (138 F. 2d 37), requires that the motion for summary judgment in favor of plaintiff’s employer’s insurance carrier be granted. The Federal statutes and decisions are controlling on the Federal question involved. ’’ (Ruggiero v. Liberty Mut. Ins. Co., 272 App. Div. 1027, affd. 298 N. Y. 775.) There can be no doubt that the scheme of the subject act provides compensation to the injured employee while he also seeks relief against third parties primarily liable for the accident and injury, with appropriate protection to the compensation insurance carrier for recoupment of its expenditures out of the moneys received from the third parties if under the provisions of the act there are sufficient available to that purpose. In Hugev v. Dampskisaktieselskabet Int. (170 F. Supp. 601, affd. 274 F. 2d 875) recovery was granted under the act against the employee and in favor of the employer for compensation payments, for such recovery was out of moneys *446 obtained by the employee from a third party. The court there said (p. 607): “ It follows then that the employer at bar, having paid benefits under the Act without ‘ an award in a compensation order ’ [Id. § 933 (b); cf. Id. § 914(a)], is entitled to reimbursement out of the employee’s recovery, and to that end is to be subrogated pro tanto to the rights of the employee against the ‘ third person ’ to the" extent of the payments so made. The Etna, 3 Cir., 1943, 138 F. 2d 37 ; cf. Chapman v. Hoage, supra, 296 U. S. at page 529, 56 S. Ct. at page 334. Accordingly, third-party defendant employer is entitled to reimbursement to the extent of $481.65 out of the judgment for $2,481.51 to be awarded plaintiff longshoreman upon his complaint against defendant shipowner. Fed. B. Civ. p. 54 (c); cf. The Etna, supra, 138 F. 2d at pages 41-42. ” It is of no consequence that the compensation payments were made without a final award or that the plaintiff happens to be a self-insured employer. The claim in suit is not based on subrogation, but, rather, upon the subject act. As stated in (American) Lumbermens Mut. Cas. Co. v. Beschner (198 Misc. 375) where also there had been no award, the court stated at pages 378 and 379:
“ Subdivision (a) of section 33 of the act (U. S. Code, tit. 33, § 933, subd. [a]) amounts to an implicit recognition that the employer has a right to reimbursement for his outlay under the Longshoremen’s Compensation Act out of his employee’s adequate recovery from a third person in all cases regardless of whether the employer has become the assignee of the employee’s right of action against a third person by paying compensation ‘ under an award ’ or has paid the compensation ‘ without an award ’ — a procedure which the act (U. S. Code, tit. 33, § 914 subd. [a]) expressly directs employers to follow (The Etna, 138 F. 2d 37). * * *
1 'The present action is not brought on the theory of subrogation nor is it governed by the rights which the employer or in a proper case the insurer has to subrogation under the provisions of the statute. (See Globe Ind. Co. v. Atlantic Lighterage Corp., 271 N. Y. 234, 238.) ”
See, also, Davis v. United States Lines Co. (253 F. 2d 262). The motion is granted.