VAEAO SOLIPO, ALAPATI TAUMATA, TOLOVAE POTOA'E,
TALI TUESE, MAUA TAOETE, FRANK VAITA and
LARRY TUILETA, Plaintiffs

v.

SAMOA AIR, INC., SAMOA AVIATION, OSCAR CIMAGALI,
DALE H. PETERSEN, AMERICAN SAMOA GOVERNMENT,
JOHN DOES 1-10 [Landowners], DOE CORPORATIONS 1-10,
and DOE GOVERNMENT AGENCIES 1-10, Defendants

CONTINENTAL INSURANCE CO., Intervenor

High Court of American Samoa
Trial Division

CA No. 57-89

November 12, 1991

Before KRUSE, Chief Justice, TAUANU'U, Chief Associate Judge, and
MATA'UTIA, Associate Judge.

Counsel:     For Plaintiff, Roy J.D. Hall, Jr.
             For Defendant, Togiola T.A. Tulafono
             For Intervenor, William H. Reardon

FACTS

The plaintiffs were all injured when a Samoa Air aircraft crashed on Manu'a. Four of the plaintiffs were at the time working for the American Samoa Government. Two of the injured government employees, Alapati Taumata and Tolovae Potoa'e, have settled their claims against Samoa Air, for $210,000 and $17,000 respectively. Prior to the settlements, Continental Insurance Co., as the workmen's compensation carrier for the American Samoa Government, paid to $75,961.97 to Taumata and $1,329.92 to Potoa'e in the way of compensation benefits under the Workmen's Compensation Act (the Act), A.S.C.A. §§ 32.0501.et seq.[1] Continental has intervened in this action, claiming that it is subrogated to the rights of the plaintiffs in the amount of the payments it has made and that it is therefore entitled to be reimbursed in this amount from any recovery in this action.

Taumata and Potoa'e, on the other hand, argue that the insurer is not subrogated to their rights because they had not accepted "compensation under an award in a compensation order," as provided for under A.S.C.A. § 32.0669(a).[2] Alternatively, they claim that if the insurer does have a right to reimbursement, the insurer should be assessed a proportionate cost of the litigation expenses. In opposing

----

[1] A.S.C A. § 32.0660(a) (emphasis added) provides:

Compensation [under the Act] must be paid periodically, promptly and directly to the individual entitled thereto, without an award, except where liability to pay compensation is controverted by the employer.

[2] A.S.C.A § 32.0669(a) (emphasis added) reads:

If an individual entitled to such compensation determines that some individual other than the employer or an individual or individuals in his employ are liable in damages, he need not elect whether to receive such compensation or to recover damages against such third person, but an acceptance of compensation under an award in a compensation order operates as an assignment to the employer of all rights of the individual entitled to compensation to recover damage against such third person within six months after such award.

38

motions, these two plaintiffs and the insurer have moved for summary judgment on these issues.

## DISCUSSION

### I.  Subrogation

The Act was essentially modeled on the federal Longshoremen and Harbor Workers Compensation Act (LHWCA), 33 U.S.C. §§ 901 et seq.[3]  Like its federal counterpart, the Act does not explicitly provide for a right of subrogation in the situation where an employee to whom compensation payments have been made without a formal award recovers damages from a third party.  Although this subrogation issue appears to be one of first impression in the territory, the federal experience in this regard has been considerable.

The leading case is The Etna, 138 F.2d 37 (3d Cir. 1943).  In that case, as in the present case, the employee recovered damages from a third party after receiving LHWCA benefits from his employer.  The plaintiff in The Etna, again like the present plaintiffs, submitted that the employer had no right of subrogation because no compensation was paid "under an award in a compensation order" (quoting 33 U.S.C. § 933; 33 U.S.C. §933(a) and (b) from the LHWCA counterpart of A.S.C.A. § 32.0669(a)).

The court held that the equitable right of subrogation was not statutorily precluded by the enactment of the assignment provision, 33 U.S.C. § 933(b).  The court observed that:

> the right to subrogation . . . under equitable principles, attaches where one, not acting officiously, pays money on account of a legal obligation resting upon him for the imposition whereof another is held pecuniarily responsible.

The Etna, supra, at 39.  In light of the legal obligation imposed upon the employer by 33 U.S.C. § 914(a) --- the LHWCA counterpart of A.S.C.A. § 32.0660(a), whereby the employer is required to pay compensation promptly without an award unless it controverts liability --- the court concluded that equitable subrogation therefore applied to allow

---

[3]  See Haleck v. Scanlan, 4 A.S.R. 998, 1002 (1975).

reimbursement.

The Etna court further held that the assignment provision allows the employee to recover under either the LHWCA or a third-party action at common law, but it does not provide the option of recovering under both; this, the court stated, was an "implicit recognition that the employer has a right to reimbursement for his outlay under the Compensation Act out of his employee's adequate recovery from a third person in all cases," regardless of any "award in a compensation order." The Etna, supra, at 40. Thus, the employee does not receive a "double recovery" in the way of common-law damages plus worker's compensation, which was designed to replace common-law damages.

Although Congress has never added an explicit subrogation right for the employer when the employee sues, the Etna interpretation, almost fifty years old, persists today in the federal courts. "The courts, at least since the Etna, 138 F.2d 37 (3d Cir. 1943), have uniformly held . . . that the employer has a subrogation right to be reimbursed from the worker's net recovery from a third party for the full amount of compensation benefits already paid." Peters v. North River Ins. Co., 764 F.2d 306, 312 (5th Cir. 1985). The United States Supreme Court, while noting that Congress has never provided an explicit reimbursement right when the employee recovers from the third party, recognized that lower courts had correctly understood that Congress had not contemplated "double recovery" by the employee and that the employer therefore did not lose the right to reimbursement by making compensation payments without an award in a compensation order. Bloomer v. Liberty Mutual Ins. Co., 445 U.S. 74, 79 (1980). The Bloomer Court, like the Etna court, approved this reimbursement whether the recovery was from a judgment or a settlement. Id. at 75, 78.

The cases have in addition pointed to the legislative history of the LHWCA; "'an employer must be reimbursed for any compensation paid to the employee out of the net proceeds of the recovery.'" Id. at 81 (quoting S. Rep. No. 428, 86th Cong., 1st Sess. 2 (1959)). Thus, both the courts and the legislature have recognized that, under the LHWCA, the employer is entitled to be reimbursed from the net recovery from a third party.

The federal interpretation, adopted by the courts and accepted by Congress, is compelling. First, the language of 33 U.S.C. § 933(a), (b) is virtually the language employed by the Fono in the enactment of

40

A.S.C.A. § 32.0669(a). Second, the Act incorporates the same underlying policy objectives found in the LHWCA. We conclude that the employer has an equitable right of subrogation and that the employer is entitled to be reimbursed from an employee's net recovery, whether by judgment or settlement, from a third party.

II.   Litigation Expenses

In Bloomer v. Liberty Mutual Ins. Co., supra, the Supreme Court settled a split in the Circuits[4] and held that an employer is entitled to full reimbursement from an employee's net third party recovery without being required to bear a proportionate share of the litigation expenses and attorney's fees incurred by the employee. The Court pointed to the LHWCA's language, structure, and history (which it examined in detail) and rejected the employee's "common fund"[5] argument.

The Court noted that, although the LHWCA does not expressly provide for the distribution of amounts recovered by a suit brought by the employee, if the employer had sued the third party, it would be entitled to retain the reasonable costs of the suit (including attorney's fees) under 33 U.S.C. § 933(e). In its view,

> [t]he unambiguous provision that the [employer] shall be reimbursed for all of his legal expenses if he obtains the recovery does . . . speak with considerable force against requiring him to bear a part of the [employee's] costs when the [employee] recovers on his own.

Id. at 78.

The Court was further concerned that by allowing an employee to deduct a portion of his attorney's fees from the employer's reimbursement, the employee would in effect be permitted to recover,

_____

   [4] See Annotation, Longshoremen---Attorney's Fees, 46 A.L.R. Fed. 692, 697 (1980).

   [5]   The "common fund" doctrine provides that a third person benefiting from litigation instituted by another may be required to bear a portion of the expenses of suit, including attorney's fees. Bloomer, supra, at 77.

41

"solely by virtue of the compensation scheme, . . . a greater sum than would be possible in an ordinary suit for damages." Id. at 80. Without the compensation scheme, the employee would have to bear all of the costs of the litigation, not just a "proportionate share." On the other hand, the employer would be paying a "proportionate share" of the litigation expenses but actually receiving no benefit from the suit because, as an innocent party, it is entitled to be fully reimbursed for the payments it has made. Instead, the employer would be losing the amount of the "proportionate share" of the litigation expenses. Likewise, the "proportionate share" would really be a windfall for the employee.

The same goals motivating the LHWCA are embodied in the Act, and we see no reason for not following the federal experience with the LHWCA. The employee should not receive a windfall, in the form of partial payment of litigation expenses, because of the existence of the workmen's compensation statute.

III. Conclusion

On the foregoing, we conclude that the insurer has an equitable subrogation right to be reimbursed from the movant employees' net recovery from Samoa Air for the full amount of compensation benefits paid without deduction for a "proportionate" share of the litigation expenses. Continental Insurance Co's. motion for summary judgment is granted. Cross motions by plaintiffs Taumata and Potoa'e are denied. Judgment will enter declaring that the sum of $75,961.97 be fixed as intervenor Continental's compensation lien on the proceeds of plaintiff Taumata's settlement with defendant Samoa Air, and the sum of $1,329.92 be fixed as Continental's compensation lien on the proceeds of plaintiff Potoa'e's settlement with defendant Samoa Air.

It is so ordered.