**METROPOLITAN STEVEDORE COMPANY, a Corporation, Appellant,**

v.

**DAMPSKISAKTIESELSKABET INTERNATIONAL, a Corporation, Appellee.**

**No. 16399.**

United States Court of Appeals Ninth Circuit.

Jan. 11, 1960.

Cooper, White & Cooper, George A. Helmer, Robert M. Raymer, Sheldon G. Cooper, San Francisco, Cal., for appellant.

Lillick, Geary, McHose, Roethke & Myers, Gordon K. Wright, Anthony Liebig, Los Angeles, Cal., for appellee.

Before STEPHENS, BARNES and MERRILL, Circuit Judges.

PER CURIAM.

We are satisfied in this matter that the exhaustive opinion of the trial judge, supported by the subsequent majority opinion in Crumady v. The Joachim Hendrik Fisser, 1959, 358 U.S. 423, 79 S.Ct. 445, 3 L.Ed.2d 413, correctly decides the issues involved herein.

We therefore refer to and adopt the recited facts and the conclusions of that court. Hugev v. Dampskisaktieselskabet International, D.C.S.D.Cal.1959, 170 F. Supp. 601.

Appellant first differs with the trial court's conclusions by urging that a more extensive duty is owed to the stevedoring company by the ship than that found due by the trial court. The cases cited to support such a theory, however, are primarily cases dealing with active versus passive negligence determined prior to the Supreme Court cases establishing the contract theory of liability, rather than one arising in tort. Crumady v. The Joachim Hendrik Fisser, supra; Weyerhaeuser S.S. Co. v. Nacirema Operating Co., 1958, 355 U.S. 563, 78 S.Ct. 438, 2 L.Ed.2d 491; Ryan Stevedoring Co. v. Pan-Atlantic S.S. Corp., 1956, 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133. Further, the policy considerations discussed by the court below seem valid— (a) the possibility, or even probability, of unseaworthiness after long voyages, and (b) the expertise of the stevedoring company and its employees.

Appellant's second contention is that it did not waive the shipowner's breach of seaworthiness. In view of our decision on appellant's first point, we need not consider this. We point out, however, that this factual issue depends upon the court's conclusion as to whether the stevedoring company continued to unload as it had before the temporary halt in operation. There was no change

in procedures used, and no attempt to avoid the danger by the use of another method. The evidence fully supports the finding of waiver, were it necessary.

■ Appellant next contends that there was no finding of negligence on its part, and had there been such, the evidence would not have sustained it. There was no express finding of negligence, but the third conclusion of law (Tr. 20), reads as follows:

"3. Third-party defendant failed to perform its obligation under the stevedoring contract to discharge the cargo in a workmanlike manner and with reasonable safety to persons and property."

This finding covers the gap asserted by appellant, and is more germane to the issues of this, a contract case, than a finding of negligence would be. The inference of negligence is readily drawn from the evidence. Metropolitan's own foreman testified that there were alternative methods of discharging the same cargo which would not entail use of the loose hatchboards. That the work was carried out in this knowingly dangerous fashion would seem sufficient to support the breach of duty found by the trial judge.

■ Metropolitan next contends that appellee was a volunteer in paying Hugev for his injuries, and since the payment was not necessary, no action for indemnity will lie. Appellant cites cases for the proposition that an injury incurred by a worker attempting to repair an unseaworthy condition is not covered by the warranty of unseaworthiness. Whether such proposition would apply to work traditionally done by members of the crew (cf., United New York and New Jersey Sandy Hook Pilots Ass'n v. Halecki, 1959, 358 U.S. 613, 79 S.Ct. 517, 3 L.Ed.2d 541), we need not decide. It would require characterization of the activities of Metropolitan in continuing to unload as merely an attempt to repair the unseaworthy condition resulting from the use of the wrong queen-beam. The trial judge did not so find. He dismissed this argument as being wholly without merit. While the bales of rubber had to be removed in order to repair the condition, no change in mode of operation was commenced which would indicate that the removal of bales by Metropolitan was other than a continuation of the unloading operation.

The judgment is affirmed.