Frank C. JOYNER, Appellant,
American Motorists Insurance Company,
v.
F & B ENTERPRISES, INC.
T/A Naylor Jewelers et al.
No. 24167.

United States Court of Appeals,
District of Columbia Circuit.

Argued Nov. 3, 1970.

Decided July 28, 1971.

Mr. James A. Mannino, Washington, D. C., with whom Messrs. Lee C. Ashcraft, Martin E. Gerel and Joseph H. Koonz, Jr., Washington, D. C., were on the brief, for appellant.

Mr. Denver H. Graham, Washington, D. C., with whom Mr. Albert E. Brault, Washington, D. C., was on the brief, for appellees.

Before WILBUR K. MILLER, Senior Circuit Judge, and MacKINNON and ROBB, Circuit Judges.

MacKINNON, Circuit Judge:

Appellant Joyner was injured on March 18, 1968 during the course of his employment with the A.B.C. Consolidated Corporation. As a result of these injuries, he was paid workmen's compensation benefits by American Motorists Insurance Co. (American), the compensation insurance carrier for his employer, under the terms of the Longshoremen's and Harbor Workers' Compensation

Act.[1] The payments were made by American without a formal award of compensation benefits being entered.[2]

On February 19, 1969 Joyner filed a third-party action against appellee Calacino as the person allegedly responsible for Joyner's injuries, and against F. & B. Enterprises, Inc. as Calacino's employer.[3] The complaint alleged that Joyner's injuries were caused by the defendants' negligence and/or their intentional, willful and malicious acts. The defendants then filed a motion with the trial court to join American as a named party plaintiff in the action.

The pretrial examiner entered a recommendation that the motion to join American be granted, and Joyner filed an opposition to the recommendation.[4] The trial judge denied the motion in opposition, but granted leave to apply to this court for permission to take an interlocutory appeal under 28 U.S.C. § 1292(b) (1964). On March 6, 1970 the petition for an interlocutory appeal was granted by order of this court, and the appeal is now here for decision on the merits.

### I.

The controversy between the parties is whether American *must* be joined as a "real party in interest" under Fed.R. Civ.P. 17(a).[5] Thus it is necessary to understand the true nature of the real party in interest provision.

Professor Moore has said of Rule 17(a):

> The meaning and object of the real party in interest provision would be more accurately expressed if it read:

> An action shall be prosecuted in the name of the party who, by the substantive law, has the right sought to be enforced.

3A J. Moore, Federal Practice ¶ 17.02, at 53 (2d ed.1953) (emphasis in original). This concept of a real party in interest has been given effect by the courts, see generally 3A J. Moore, supra, ¶ 17.07, and has been applied to the circumstances of subrogation as between an insurer and an insured. For example, in United States v. Aetna Cas. & Surety Co., 338 U.S. 366, 380, 70 S.Ct. 207, 215, 94 L.Ed. 171 (1949), the Court said that "of course the insurer-subrogee, who has substantive equitable rights, qualifies as [a real party in interest]." But the Court also made clear that the "substantive equitable rights" referred to were "substantive rights *against the* [third party] *tortfeasor*." 338 U.S. at 381, 70 S.Ct. at 215 (emphasis supplied). The question to be resolved then reduces to whether, by the terms of the applicable substantive law, American possesses substantive rights against the defendants on the facts of the present case.

The substantive law to be applied begins with section 33(b) of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 933(b) (1964):

> (b) Acceptance of [workmen's] compensation under an award in a compensation order filed by the deputy commissioner shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against

1. 44 Stat. 1440 (1927), as amended, 33 U.S.C. § 901 et seq. (1964). The Act is made applicable to employment in the District of Columbia by D.C.Code § 36–501 (1967 ed.).

2. See 33 U.S.C. §§ 919, 921 (1964).

3. Suit was thus filed within one month of the running of the one year period of the statute of limitations applicable to intentional tort actions. D.C.Code § 12–301 (4) (1967 ed.).

4. Under Civil Rule 9(i) (1) of the Rules of the United States District Court for the District of Columbia, the recommendation of the pretrial examiner becomes the order of the trial court unless objections to the recommendation are filed within five days as provided by Civil Rule 9(i) (2).

5. The pertinent part of Rule 17(a) states simply that "[e]very action shall be prosecuted in the name of the real party in interest."

such third person unless such person shall commence an action against such third person within six months after such award.

Subsection (b) has been construed to confer subrogation rights on the employer, or on the employer's insurance carrier,[6] even where workmen's compensation was paid without the entry of a formal compensation award, as in the present case. *E. g.*, Hugev v. Dampskisaktieselskabet International, 170 F. Supp. 601 (S.D.Cal.1959), aff'd, Metropolitan Stevedore Co. v. Dampskisaktieselskabet International, 274 F.2d 875 (9th Cir.), cert. denied, 363 U.S. 803, 80 S.Ct. 1237, 4 L.Ed.2d 1147 (1960); The Etna, 138 F.2d 37 (3d Cir. 1943); *see* Potomac Electric Power Co. v. Wynn, 120 U.S.App.D.C. 13, 343 F.2d 295 (1965). The significant point to be explored concerns the *nature* of American's subrogation rights, once it paid workmen's compensation benefits to Joyner without an award, and once Joyner commenced his third-party action.

It is settled that an injured employee "may bring suit against a third party whenever it is evident that the employer-assignee, for whatever reason, does not intend to bring suit." Potomac Electric Power Co. v. Wynn, *supra*, 120 U.S.App.D.C. at 15, 343 F.2d at 298. The first consequence of the employee's commencing suit is to deprive the employer-assignee of any right to control the employee's third-party action. *E. g., The Etna, supra,* 138 F.2d at 41. The second consequence is the one of central importance to this case. Where compensation benefits are paid without an award, and the employee commences a third-party action, what substantive right does the employer-assignee then enjoy? Does the employer-assignee retain a substantive right as against the *third party*? Or, is there

merely a right as against the *employee* if the employee succeeds in his third-party action? It is clear that the latter is the case.

In *The Etna, supra,* 138 F.2d at 41, it was said that "the employer who pays compensation without an award [retains] his right to reimbursement *out of his own employee's recovery from third persons*" (emphasis supplied). In Potomac Electric Co. v. Wynn, *supra,* 120 U.S.App.D.C. at 15, 343 F.2d at 298, this court stated that "the employer's interest in recoupment, if the employee ultimately succeeds in recovering from the third party, would presumably be protected *by a lien on the proceeds*" (emphasis supplied). *See also* Pope & Talbot, Inc. v. Hawn, 346 U.S. 406, 411, 74 S.Ct. 202, 98 L.Ed. 143 (1953); Liberty Mutual Insurance Co. v. United States, 290 F.2d 257, 258 (2d Cir. 1961). The legislative history of the most recent amendments to 33 U.S.C. § 933 make this result plain. The 1959 amendments to subsection 933[7] removed the necessity for an employee's electing between accepting the statutory compensation benefits and bringing suit against the third party. *See* Potomac Electric Power Co. v. Wynn, *supra.* The Senate Report on the amendments noted:

Although an employee could receive compensation under the act and for the same injury recover damages in a third-party suit, he would not be entitled to double compensation. The bill, as amended, provides that an employer must be reimbursed for any compensation paid to the employee *out of the net proceeds of the recovery.*

S.Rep.No. 428, 86th Cong., 1st Sess. 2 (1959) (emphasis supplied). U.S.Cong. & Admin.News, p. 2134.

There can be no doubt then under 33 U.S.C. § 933(b) and the cases interpreting it that American's only rights

6. 33 U.S.C. § 933(h) (1964) provides:
(h) Where the employer is insured and the insurance carrier has assumed the payment of the compensation, the insurance carrier shall be subrogated to

all the rights of the employer under this section.

7. Pub.L. 86–171, 73 Stat. 391 (1959).

in the circumstances of the present case run against Joyner and any recovery he may obtain in his third-party action. Only if American had obtained a formal award of benefits, and Joyner had not commenced a third-party action within six months of the entry of the award, would American have a substantive right directly against the third-party tortfeasor. This being the case, American is not a "real party in interest" in Joyner's suit against the third-party tortfeasor.

## II.

The appellees have placed considerable weight on the decision in City Stores Co. v. Lerner Shops of the District of Columbia, 133 U.S.App.D.C. 311, 410 F.2d 1010 (1969) as support for a contrary conclusion. In making his recommendation that American be joined under Rule 17(a), the pretrial examiner also relied on the *City Stores* decision, although he recognized that a somewhat different issue was raised in the present case. For the reasons which follow, we think that the situation facing the court in *City Stores* differed significantly from that of the present case, and that the *City Stores* decision does not require a different result than the one we have reached.

*City Stores* dealt with a case of equitable subrogation arising from common-law principles, where the rights of the subrogee were not governed by a statutory provision such as 33 U.S.C. § 933(b). The court specifically found that on common-law principles, "when an insurer pays a loss, it is by operation of law subrogated to the insured's *right of action against a third party*." 133 U.S.App.D.C. at 312, 410 F.2d at 1011 (emphasis supplied). As we have seen, the effect of 33 U.S.C. § 933(b) on the facts of the case at hand is to cut off the subrogee's rights as against the third party. Thus, in *City Stores,* as

opposed to the present case, the subrogee *did* retain a substantive right against the third party, sufficient to make the subrogee a real party in interest.

## III.

The appellees have also raised a number of practical objections to a holding that American is not a real party in interest in this case. We need mention only two, and but briefly. Neither appear to pose any serious difficulties, and certainly they furnish no reason for avoiding a result which seems to us clearly required by controlling legal principles.

The first is a suggestion that if American is not added as a party plaintiff, the third party defendants will face the possibility of having to defend two suits—the present one by Joyner and a possible second one by American, if for some reason American's claim is not satisfied out of Joyner's recovery, if any. However, this possibility is of course ruled out by our conclusion above that once Joyner filed his suit, American's only remaining substantive right was to be compensated out of Joyner's recovery. American no longer possesses any right of action in the present circumstances against the third-party tortfeasor.

The second is an assertion that otherwise American itself will be unprotected, and may eventually have to bring suit against Joyner to obtain its share of the proceeds of Joyner's recovery. The first answer to this objection is that our holding today does not necessarily preclude American from intervening in the suit to protect its rights, if *American* so chooses. All that we decide is that Rule 17(a) does not *require* that American be joined at someone else's behest. We are not now called upon to decide whether, for example, American could intervene by choice under Fed.R.Civ.P. 24.[8]  A

**8.** Rule 24 provides:

  (*a*) *Intervention of Right.* Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States

confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the

second answer is that as a practical matter, there are other means of subrogees protecting themselves in cases such as the present one. American has filed an affidavit in this case that it "has an agreement with the plaintiff [Joyner] that its interests will be protected in the event the pending tort action is successful * * *," and at oral argument it was stated that this was the usual method of proceeding. *See* Pope & Talbot, Inc. v. Hawn, 346 U.S. 406, 411, 74 S.Ct. 202, 98 L.Ed. 143 (1953).

The order of the District Court denying the motion in opposition to the pretrial examiner's recommendation is accordingly reversed.

So ordered.

disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

(*b*) *Permissive Intervention.* Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for

ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.