**Vernon J. DAVILLIER**

v.

**CAVN VENEZUELAN LINE.**

**Civ. A. No. 74–2297.**

United States District Court,
E. D. Louisiana.

Feb. 12, 1976.

Orlando G. Bendana, New Orleans, La., for plaintiff.

J. Dwight LeBlanc, Jr., Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, La., for Cavn Venezuelan Line.

Ronald A. Johnson, George W. Healy, III, Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, La., for intervenor, Employers National Ins. Co.

## MEMORANDUM OPINION AND ORDER

BOYLE, District Judge:

This action arises out of an injury the plaintiff, Vernon J. Davillier, allegedly sustained on or about February 20, 1974 while working as a longshoreman aboard the vessel M/V VALENCIA, owned and operated by the defendant, Cavn Venezuelan Line (hereinafter Cavn), then afloat in the Mississippi River in the port of New Orleans, Louisiana.

Employers National Insurance Company (hereinafter Employers), as the compensation insurer of the plaintiff's employer, J. P. Florio & Co., Inc., voluntarily paid the plaintiff $778.05 in compensation and, on his behalf, paid medical expenses of $255.49.

On August 20, 1974, the plaintiff filed this suit against Cavn, alleging negligence. To be reimbursed for the $1,033.54 expended, out of any judgment recovered or settlement entered into, Employers moved to intervene and, there being no opposition, we granted its motion.

Prior to trial, the plaintiff and the defendant settled their differences for $3,500.00. The receipt and release exe-

cuted,[1] however, stated that the settlement proceeds did not include any amount in recognition of and/or in recompense of compensation payments made.

Furthermore, a separate agreement[2] was entered into between the plaintiff and the defendant, whereby Cavn agreed, in effect, to hold the plaintiff harmless for the amount claimed by Employers, should such be determined due and owing. In other words, Cavn withheld from the settlement proceeds paid to the plaintiff that amount which the plaintiff might have to pay Employers.

On July 22, 1975, the plaintiff voluntarily dismissed his complaint against the defendant, with prejudice, as of compromise. The order[3] specifically provided that Employers' intervening complaint was not dismissed and was, therefore, still before the court.

No portion of the amounts paid by Employers has been refunded by either the plaintiff or the defendant, although demand has been duly made. Accordingly, Employers moved for summary judgment which we GRANT.

Jurisdiction is conferred by 28 U.S.C. § 1332 and venue is properly laid in the Eastern District of Louisiana.

That the plaintiff's employer was obligated by the Longshoremen's and Harbor Workers' Compensation Act (hereinafter Act), 33 U.S.C. § 901 et seq., *as amended,* 86 Stat. 1251 (1972), and particularly by Sections 907 and 914, to make compensation payments to the plaintiff and to pay medical expenses on his behalf is not disputed.

■ Where, as here, the employer's insurance carrier assumed payment of the compensation and medical payments, it is subrogated to all the employer's rights under Section 33 of the Act. 33 U.S.C. § 933(h).

Among the employer's rights, to which the carrier is subrogated, is the right provided in Section 33(b) of the Act, 33 U.S.C. § 933(b), for an assignment of the employee's claim against a third party to the employer, where payments are received by the employee pursuant to an award in a compensation order filed by the deputy commissioner and the employee does not himself commence such an action within six months after the award. Section 33(e) of the Act, 33 U.S.C. § 933(e), provides the manner in which the recovery from the third party shall be distributed, when the employer or his subrogated insurer brings the action, and specifically provides for reimbursement of all compensation and medical payments made.

Section 33 makes no provision, however, concerning the employer's subrogation rights or the method of distribution where, as in this case, there has been no formal award and the third party recovery is obtained as a result of an action instituted by the employee. Nevertheless, when the employee himself sues the third party, "the courts have long recognized a right of subrogation to the extent of payments made, and have permitted the employer or its insurer to intervene in the employee's suit to protect its right, even where compensation was paid without the entry of a formal compensation award." *Allen v. Texaco, Inc.,* 510 F.2d 977, 979–80 (5 Cir. 1975). *See The Etna,* 138 F.2d 37 (3 Cir. 1943); *Hugev v. Dampskisaktieselskabet International,* 170 F.Supp. 601 (S.D.Cal.1959), *aff'd sub nom., Metropolitan Stevedore Co. v. Dampskisaktieselskabet International,* 274 F.2d 875 (9 Cir.), *cert. denied,* 363 U.S. 803, 80 S.Ct. 1237, 4 L.Ed.2d 1147 (1960); *Fontana v. Pennsylvania R.R.,* 106 F.Supp. 461 (S.D.N.Y.1952), *aff'd sub nom., Fontana v. Grace Line, Inc.,* 205 F.2d 151 (2 Cir.), *cert. denied,* 346 U.S. 886, 74 S.Ct. 137, 98 L.Ed. 390 (1953). Thus, the employer's right to reimbursement, under these circumstances, has been read into Section 33 by the courts and it logically follows that the insurance carrier "must also be subrogated to the employer's implied right of re-

---

**1.** *See* Record, Document No. 18, attachment.

**2.** *See* Record, Document No. 22.

**3.** *See* Record, Document No. 15.

imbursement *out of an employee's third party recovery."* Petition of Sheffield Tankers Corp., 222 F.Supp. 441, 443 (N.D.Cal.1963) (emphasis added).

In *The Etna,* the landmark decision of the Third Circuit, the court stated:

We find no intent indicated by the Act to take away from the employer who pays compensation without an award his right to reimbursement *out of his employee's recovery from third persons.* On the contrary, we think that the intent and scheme of the Act requires that the employer's *right to subrogation* for compensation payments made in the circumstances here shown be recognized wholly apart from and without regard for the assignment provided for in Sec. 33(b) of the Act. It is only the right of control of the employee's right of action against third persons which an employer foregoes by paying compensation without an award. *His right to reimbursement out of the recovery for the employee's injury remains unaffected.*

138 F.2d at 41 (emphasis added).

Further, there is no reason why the recovery obtained by the employee should be distributed any differently than where the employer commences the third party action. "It would seem that if Congress intended to prefer employee third party actions such purpose would have been articulated. Congressional silence in no way can be construed as creating [this] result . . . ." *Davis v. United States Lines Co.,* 253 F.2d 262, 265 (3 Cir.1958).

The statutory and jurisprudential right of subrogation, created for the benefit of the employer who has made compensation and medical payments to his employee, exists to prevent double recovery by the employee.[4] Where, as here, there has been no waiver of this right of subrogation, "the possibility of double recovery by the plaintiff provides justification for creating an equitable lien in favor of a party making compensation payments to the injured workman," whether the plaintiff's recovery be by way of judgment or settlement. *Allen v. Texaco, Inc.,* supra, at 982 (settlement). *See Dodge v. Mitsui Shintaku Ginko K.K. Tokyo,* 528 F.2d 669 (9 Cir. 1975) (judgment); *Nacirema Operating Co. v. Oosting,* 456 F.2d 956 (4 Cir.), *cert. denied,* 409 U.S. 980, 93 S.Ct. 313, 34 L.Ed.2d 243 (1972) (settlement); *Petition of Sheffield Tankers Corporation,* supra (judgment); *Fontana v. Pennsylvania R.R.,* supra (settlement). *See also, Landon v. Lief Hoegh & Co., Inc.,* 521 F.2d 756 (2 Cir.1975), *aff'g* 386 F.Supp. 1081 (E. D.N.Y.1974); *Joyner v. F&B Enterprises, Inc.,* 145 U.S.App.D.C. 262, 448 F.2d 1185 (1971); *Potomac Electric Power Co. v. Wynn,* 120 U.S.App.D.C. 13, 343 F.2d 295 (1965); *Liberty Mutual Ins. Co. v. United States,* 290 F.2d 257 (2 Cir.1961).

Cavn takes the position that Employers' right of subrogation, when exercised or perfected through intervention under Rule 24, is equivalent to the plaintiff's right to a cause of action for damages. The argument is made that Employers cannot recover the compensation and medical payments made unless and until the negligence of the vessel is established. It is at this point the defendant claims that a lien, if one exists at all, arises in favor of the subrogated insurance carrier.[5]

---

4. Referring to a 1959 amendment to the Act, permitting the employee the right to bring suit as well as receive compensation, a Senate Report stated:

"Although an employee could receive compensation under the act and for the same injury recover damages in a third-party suit, he would not be entitled to double compensation. The bill, as amended, provides that an employer must be reimbursed . . . out of the net proceeds of the recovery."

S.Rep. No. 428, 86th Cong., 1st Sess. (1959), 1959 U.S.Code Cong. & Adm.News p. 2135.

5. Cavn further argues that it would be entitled to a credit, against its liability for the compensation and medical payments made, if the employer is also found to have negligently contributed to the plaintiff's injury. The result we reach, however, eliminates the need to reach this or other contentions of the defendant not previously discussed.

In *Joyner v. F&B Enterprises, Inc.,* supra, the court considered what substantive rights the employer had after it had made compensation payments without an award and the employee institutes a third party action. The court said:

> Does the employer-assignee retain a substantive right as against the *third party*? Or, is there merely a right as against the employee if the *employee* succeeds in his third-party action? It is clear that the latter is the case.

448 F.2d at 1187 (emphasis in original).

The interest claimed by Employers, therefore, is not in the litigation between the plaintiff and the defendant, but only in the end product of the litigation—plaintiff's recovery. As the Fifth Circuit has stated, in another context, "[t]he compensation insurer shall recover *in full* its payments from the *total recovery obtained by the injured workman from a third party defendant,* regardless of what that recovery replaces or is termed by the court." *Haynes v. Rederi A/S Aladdin,* 362 F.2d 345, 350 (5 Cir. 1966) (emphasis partially added). *See also Stark v. Shell Oil Co.,* 450 F.2d 994 (5 Cir.1971); *Boswell v. Terrace Navigation Corp.,* 384 F.2d 186 (5 Cir.1967).[6]

■ Only if the payments made were greater than the plaintiff's recovery, which is not the case here, would it be necessary for the employer or his insurer to resort to an independent and direct cause of action against the third party for the excess above the subrogated amount. *Landon v. Lief Hoegh & Co.,* supra. Section 33 of the Act "is not the exclusive source of the stevedoring contractor's remedies against the shipowner, and the former may have a cause of action in tort for the compensation payments caused by the shipowner's negligence . . . ." *Federal Marine Terminals v. Burnside Shipping Co.,* 394 U.S. 404, 422, 89 S.Ct. 1144, 1154, 22 L.Ed.2d 371 (1969). Then and only then would it be incumbent upon Employers to demonstrate that Cavn breached the duty of care it owed to the plaintiff's employer.

There can be no doubt that a lien would not arise for the benefit of Employers had the case proceeded to a trial on the merits and Cavn was ultimately found faultless. There being *no* recovery by the plaintiff from the third party, there certainly could be no danger of *double* recovery. In such a case, the plaintiff would have to be satisfied with the benefits provided by his employer's insurance carrier under the Act and the carrier would be without right of recoupment of the amount paid.

■ Here, however, the plaintiff did recover from the third party Cavn. The fact that this recovery took the form of a settlement, rather than a judgment, is irrelevant from the standpoint of the carrier's right of subrogation. Once it intervened, it was entitled to reimbursement from *any* amount the plaintiff received from the third party.[7]

■ By agreement, Cavn has substituted itself for the plaintiff insofar as Employers' claim is concerned.[8] That portion of the settlement proceeds constituting the compensation and medical payments has been retained by Cavn. Cavn, therefore, instead of the plaintiff, shall reimburse Employers.

---

**6.** There has been no request for, nor do we find that the facts of this case warrant, a reallocation of the settlement funds as required by the Fifth Circuit in *Chouest v. A&P Boat Rentals, Inc.,* 472 F.2d 1026, 1037 (5 Cir.), cert. denied, 412 U.S. 949, 93 S.Ct. 3012, 37 L.Ed.2d 1002 (1973).

**7.** The lien imposed is one created by the federal judiciary with a federal statute as a ration-

ale. The state cases cited by Cavn, therefore, are not apposite here.

**8.** *See* note 2 supra. Presumedly, our holding could be supported by this agreement alone. There can be no doubt that the plaintiff would be required to reimburse Employers, from his recovery fund, if it included the amounts paid by Employers, without the necessity of Employers proving that he or the defendant negligently caused or contributed to his injury.

In its intervening complaint, Employers requests prejudgment interest. It is well settled that an award of prejudgment interest in an admiralty case rests within the sound discretion of the court. We feel that the facts of this case warrant an award of interest, at the rate of 7% per annum, from the date of the settlement between the plaintiff and the defendant, July 17, 1975, until paid.

Accordingly, Employers National Insurance Company's motion for summary judgment on its intervening complaint should be, and it is hereby, granted.

Counsel for Employers shall prepare and submit a judgment consistent herewith.

This opinion shall serve as our findings of fact and conclusions of law.