TRAVELERS INSURANCE COMPANY,
a corporation, Appellant,

v.

DISTRICT OF COLUMBIA, a Municipal
Corporation, Appellee.

No. 11010.

District of Columbia Court of Appeals.

Argued March 15, 1977.

Decided Jan. 13, 1978.

Rehearing en Banc Denied
April 11, 1978.

Thomas Pace, Washington, D. C., with whom Edward J. Lopata, Washington, D. C., was on the brief, for appellant. Richard W. Boone, Washington, D. C., also entered an appearance for appellant.

Dennis McDaniel, Asst. Corp. Counsel, Washington, D. C., with whom John R. Risher, Jr., Corp. Counsel, Louis P. Robbins, Principal Deputy Corp. Counsel, Richard W. Barton, Deputy Corp. Counsel, and George T. Masson, Jr., Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before KERN, YEAGLEY and HARRIS, Associate Judges.

YEAGLEY, Associate Judge:

This appeal arises from an order of the trial court dismissing an action against appellee District of Columbia. The issue presented to this court is one of first impression—whether an insurance carrier (appellant, Travelers Insurance Co.), after paying workmen's compensation to an injured employee without a formal award, may sue a third-party wrongdoer for its failure to protect Travelers' alleged equitable lien on proceeds paid by the wrongdoer to the employee in settlement of a negligence action. We agree with the trial court that Travelers' claim was not actionable against the District after the District had settled and paid the employee's claim, and we therefore affirm.

The pertinent facts are not in dispute. On March 13, 1973, Jesse Jones, an employee of the Southland Corporation, was injured while delivering milk to a public school owned and operated by the District of Columbia. Travelers Insurance Co., the insurance carrier for Southland, thereafter paid Jones workmen's compensation benefits totaling $4,254.76 pursuant to the Longshoremen's and Harbor Workers' Compensation Act (LHWCA) 33 U.S.C. §§ 901–50 (1970), as made applicable to the District of Columbia by D.C.Code 1973, §§ 35–501—02.

In July 1973, after he had accepted benefits from Travelers, but before the six months' period had expired under 33 U.S.C. § 933(b) (1970) (see note 2, infra), Jones brought a personal injury action against the District alleging that his injuries were caused by the District's negligence. Travelers admits that it was fully aware of the Jones action, but did not attempt to intervene. On October 14, 1974, Jones accepted the sum of $1,500 in full settlement of his lawsuit against the District. Thereafter, Travelers brought an action against both Mr. Jones and the District seeking to recover the $1,500, alleging that the District failed in its "duty to honor [Travelers'] equitable lien" on any recovery that Jones obtained from the District. Travelers argues that the District had actual notice of the compensation payments and hence it breached its duty to protect the lien which arose thereby by paying the settlement proceeds to Jones rather than to Travelers.

On January 29, 1975, the District moved to dismiss the action, contending that it had no legal duty to protect Travelers' lien and that, therefore, Travelers had not stated a valid substantive claim against it. Following a hearing, the trial court granted the District's motion to dismiss Travelers' claim against it, and thereafter made its order final under Super.Ct.Civ.R. 54(b). This appeal followed.

In considering Travelers' contention that the court dismissed erroneously its claim against the District, we must review briefly some general principles with respect to workmen's compensation insurance carriers' right to recover against third parties.

Where an employer's insurance carrier pays workmen's compensation benefits to an injured employee under an award, it is subrogated to all the employer's rights,[1] and, by virtue of 33 U.S.C. § 933(b) (1970), thereby becomes assignee of the employee's claim against a third party, unless the employee himself brought an action against

---

1. 33 U.S.C. § 933(h) provides:

Where the employer is insured and the insurance carrier has assumed the payment of the compensation, the insurance carrier shall be subrogated to all the rights of the employer under this section.

the alleged wrongdoer within six months after the award.[2]  *See Pope & Talbot, Inc. v. Hawn*, 346 U.S. 406, 412, 74 S.Ct. 202, 98 L.Ed. 143 (1953).

The method of distribution (including reimbursement) of compensation payments recovered from a third party in an action brought by the employer or its subrogated insurer is defined in 33 U.S.C. § 933(e) (1970). Although the section does not define the distribution following a recovery by the injured employee himself, "the courts have long recognized a right of subrogation to the extent of payments made, and have permitted the employer or its insurer to intervene in the employee's suit to protect its right."[3]  *Allen v. Texaco, Inc.*, 510 F.2d 977, 979–80 (5th Cir. 1975); *Landon v. Lief Hoegh & Co.*, 521 F.2d 756 (2d Cir. 1975), *cert. denied*, 424 U.S. 935, 96 S.Ct. 1150, 47 L.Ed.2d 343 (1976).  *See also Davillier v. Cavn Venezuelan Line*, 407 F.Supp. 1234 (E.D.La.1976); *Fontana v. Pennsylvania R.R.*, 106 F.Supp. 461 (S.D.N.Y.1952), *aff'd sub nom.*, *Fontana v. Grace Line, Inc.*, 205 F.2d 151 (2d Cir.), *cert. denied*, 346 U.S. 886, 74 S.Ct. 137, 98 L.Ed. 390 (1953).

The critical question is whether Travelers as a subrogee of the employer Southland may now proceed against the District, a third-party wrongdoer, after the injured employee has settled his cause of action against the wrongdoer and obtained recovery.

■ A fundamental principle of subrogation law is that

the subrogee does not exercise the means and remedies in its own right.  It only exercises them as a successor to the legal rights of the subrogor.  [*Dworak v. Tempel*, 18 Ill.App.2d 225, 232, 152 N.E.2d 197, 201 (1958).]

There is no statutory provision giving Travelers, as subrogee, a right of action against the District after the injured employee has sued the District on his claim and collected for the District's negligence.  However, there remains the question of whether appellant may seek reimbursement of the $1,500 by virtue of some independent nonstatutory remedy rather than by way of its rights as a subrogee.

That question was answered by the Supreme Court in *Federal Marine Terminals, Inc. v. Burnside Shipping Co.*, 394 U.S. 404, 89 S.Ct. 1144, 22 L.Ed.2d 371 (1969).  There, the Court held that § 933 of the LHWCA is not the exclusive source of an employer's (or an insurance carrier's) remedies to recoup compensation payments from negligent third parties.  The Court looked to the language of the statute and its legislative history and concluded that the Act was not intended to limit the employer's remedy to the assignment of rights provision under § 933(b).  The Court emphasized, however, that the employer's separate right of action must be based upon the fact that an "independent wrong" had been committed against the employer by the third party. That is, the Court required that there be a separate duty of care owed to the employer which was independent and distinct from the duty owed to the injured employee.  *See, e. g., Landon v. Lief Hoegh & Co., supra; Louviere v. Shell Oil Co.*, 509 F.2d 278 (5th Cir. 1975), *cert. denied*, 423 U.S. 1078, 96 S.Ct. 867, 47 L.Ed.2d 90 (1976).

In its brief, the government relied on *Joyner v. F & B Enterprises, Inc.*, 145 U.S.

2. Section 933(b) provides:
   Acceptance of such compensation *under an award* in a compensation order filed by the deputy commissioner shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person unless such person shall commence an action against such third person within six months after such award.  [Emphasis supplied.]

3. It is clear from the case law and the legislative history of § 933(e) that the reason for such

an interpretation was to prevent a double recovery by the employee.  *See* S.Rep. No. 428, 86th Cong., 1st Sess. 2, *reprinted in* [1959] U.S.Code Cong. & Admin.News, pp. 2134, 2135:
   Although an employee could receive compensation under the act and for the same injury recover damages in a third-party suit, he would not be entitled to double compensation.  The bill, as amended, provides that an employer must be reimbursed for any compensation paid to the employee out of the net proceeds of the recovery.

App.D.C. 262, 448 F.2d 1185 (1971), as authority for limiting an insurance carrier solely to its "right as against the employee if the employee succeeds in his third party action." *Id.* at 264, 448 F.2d at 1187. In *Joyner*, the wrongdoer, in a suit filed by the employee, attempted under Rule 17(a) of the Federal Rules of Civil Procedure to compel joinder as a real party in interest of the insurance company which had paid compensation benefits to the employee. The court held that such joinder was inappropriate. While recognizing the insurance carrier's right as subrogee to seek reimbursement from the wrongdoer, the court said that the situation was different where the employee had filed an action in negligence against the wrongdoer. It noted that: "All that we decide is that Rule 17(a) does not *require* that American be joined at someone else's behest." *Id.* at 265, 448 F.2d at 1188. The holding did not preclude intervention by choice under Fed.R.Civ.P. 24, but said that the employer-assignee's sole right was to proceed against the employee and any recovery he may obtain. The court reasoned that "[o]nly if American [the insurance carrier] had obtained a *formal award* of benefits [in favor of the employee,] and Joyner [the employee] had not commenced a third party action within six months of the entry of the award would American have a substantive right directly against the third party tortfeasor." *Id.* at 265, 448 F.2d at 1188.

The court did not discuss the problem of whether an employer or its insurance carrier who voluntarily paid compensation to the employee promptly and without an award should be penalized or forfeit its rights against a third-party tortfeasor merely because they did not wait for a formal award. It held that "once Joyner [the employee] filed his suit, American's only remaining substantive right was to be compensated out of Joyner's recovery." *Id.* It added that the possibility that the third-party defendant "will face . . . having to defend two suits—the present one by Joyner and a possible second one by American, . . . is of course ruled out by our conclusion above that once Joyner filed suit, American's only remaining substantive right was to be compensated out of Joyner's recovery." *Id.*

■ While we agree in the instant case that the insurance carrier cannot maintain its cause of action, it is for a different reason. Insofar as our reasoning may be at variance with *Joyner*, we note that we are not bound by that decision. *M. A. P. v. Ryan*, D.C.App., 285 A.2d 310 (1971).

To the extent that *Joyner* may be read as holding that § 933 provides the sole and exclusive remedy for the employer, we find it inconsistent with the purpose and legislative history of the Act and at odds with the holding and reasoning of the Supreme Court in *Federal Marine Terminals, Inc. v. Burnside Shipping Co., supra.*[4]

This problem was examined in depth by the 5th Circuit in *Louviere v. Shell Oil Co., supra.* In that case compensation had been paid to the employees without an award and an issue was raised of whether the complaint of the insurance carrier stated a good cause of action. The wrongdoers asserted that the employer may sue a third party only if he has paid compensation under an award. The court observed: "They would thus have us impute to the assignment provision of Section 33 (33 U.S.C. § 933) an exclusionary effect, preempting any nonstatutory remedies otherwise available to an employer to recoup from a third party tortfeasor . . . ." *Id.* at 281.

■ Commenting on the alleged exclusionary effect of § 933, the 5th Circuit said: "*Burnside* apart, we find a general poverty of support for that conclusion." *Id.* at 283. It noted that: "One commentator has identified nine distinct situations where a holding that the § 33 remedy is exclusive would 'deprive the employer of a valuable prior remedy and present the third party with a gratuitous immunity.' " *Id.* The court added:

---

4. The *Joyner* court did not cite or discuss the Supreme Court's holding in *Burnside* just two years earlier.

To predicate the employer's right to sue for indemnity on payment under an award would tend to discourage the prompt and voluntary payment of compensation that the Act contemplates, since the employer would be compelled to controvert his obligation to pay compensation, to force an award and protect his right to pursue a remedy against third parties. Certainly we find no merit in the appellee's suggestion that by making statutory assignment contingent on payment of compensation under an award, Congress implied disfavor of voluntary payment and intended to deprive an employer who pays compensation voluntarily of his independent remedies against wrongdoing third parties. [*Id.* at 283–84.]

We agree and hold as did that court that the employer who pays compensation without an award is not thereby barred by the Act from pursuing whatever nonstatutory rights he may have against third-party wrongdoers.

In the context of the present case, Travelers would not be precluded from bringing an independent action against the District *provided*, as in *Burnside*, it established that the District breached a duty of care to Travelers which was separate from that owed to Jones.

The "independent wrong" which Travelers alleges was committed by the District was its "failure to respond to its duty to honor the equitable lien" arising from Travelers' compensation payments to Jones. Although, as we shall see, the payment of workmen's compensation benefits by Travelers to Jones gave rise to an "equitable lien" on any potential recovery by Jones in his suit against the District, if such a lien did exist, the ensuing question was whether Travelers was under any duty to intervene in Jones' action or to otherwise assert its claim to any potential recovery before the District satisfied its obligation to the in-jured employee. In other words, was the District under any duty to honor Travelers' lien on proceeds in the hands of Jones so that a breach of that duty would give rise to an action for damages by Travelers in the amount of $1,500?

In support of its equitable lien theory, Travelers relies principally on *Nacirema Operating Co. v. Oosting*, 456 F.2d 956 (4th Cir.), *cert. denied*, 409 U.S. 980, 93 S.Ct. 313, 34 L.Ed.2d 243 (1972). There, the court alluded to the propriety of finding an equitable lien in favor of the employer (Nacirema) where there was a possibility for double recovery by the injured employee. We note one key distinction, however, between *Nacirema* and the instant case. The employer and/or its insurance company did not, as here, fail to timely assert its rights. The injured employee in *Nacirema* had previously reimbursed his employer for the compensation benefits after he had settled his action against the third-party wrongdoer and had received payment of the damages awarded him. Because the amount of his settlement was less than the value of the compensation, he sued his employer for the difference under the authority of § 933(f).[5]

Although we agree that *Nacirema* may be authority for the occasional recognition by the courts of equitable liens, it is not authority for Travelers' additional contention that "when settlement was made by the District to Mr. Jones, Travelers' then existing rights with regard to an enforceable lien . . . were violated." (Appellant's reply brief at 4.)

Other decisions have directly or indirectly recognized the propriety of imposing an equitable lien against the proceeds of an employee's recovery. *E. g., Allen v. Texaco, Inc., supra; Fontana v. Pennsylvania R.R., supra; The Etna*, 138 F.2d 37 (3d Cir. 1943). In *Allen v. Texaco, Inc., supra*, at 982,[6] the

---

**5.** Section 933(f) requires the employer to pay as compensation

    a sum equal to the excess of the amount which the Secretary determines is payable on account of such injury or death over the amount recovered against such third person.

**6.** The precise question in *Allen* was whether an express waiver of subrogation rights under

court recognized that "the possibility of double recovery by the plaintiff [employee] provides justification for creating an equitable lien in favor of a party making compensation payments to the injured workman."

In light of these decisions, we recognize that a court may be justified in finding an equitable lien in favor of the employer or its insurance carrier on the proceeds of an employee's recovery. However, we find that traditionally the circumstances under which such liens have been imposed differ from the situation presented in the instant appeal. Our review of the cases indicates that courts most often have imposed a lien on the proceeds of an employee's recovery only after the employee has received payment from the wrongdoer. The lien in this situation thus is placed on property in the hands of the employee. In the rare instances where liens have been placed on property in the hands of a wrongdoer but owed to the employee, the lien claim apparently has been affirmatively asserted in the settlement proceedings or litigation prior to the payment of the proceeds to the employee.

■ While this case is of the latter type, no lien claim was affirmatively asserted here by Travelers prior to the payment of the asserted proceeds to the employee Jones, even though Travelers was aware of Jones' suit. We find this distinction controlling in our disposition of the case and refuse to impose an equitable lien on property owing to, although not yet in the possession of, the employee, where the lien was not affirmatively asserted in the settlement or litigation proceedings prior to payment.

We draw support for our conclusion from the 1959 amendment to 33 U.S.C. § 933 (1970). This amendment created a new

right in the wronged employee to sue on his own behalf within six months after a compensation award. We believe that the District of Columbia, as the tortfeasor in this case, reasonably could have read that Code section as creating a right in the employee Jones to sue and recover on his own behalf without any interference from the employer's subrogee Travelers. Only if Travelers had intervened and affirmatively asserted a right to the settlement proceeds, which right could have been adjudicated in the proceedings, could the District be protected in paying Travelers.[7] Had Travelers employed this tactic, we doubtless would have imposed a lien in favor of Travelers on the settlement proceeds in the possession of the District prior to their payment to Jones. *See, e. g., Chouest v. A & P Boat Rentals, Inc.,* 472 F.2d 1026 (5th Cir.), *cert. denied,* 412 U.S. 949, 93 S.Ct. 3012, 37 L.Ed.2d 1002 (1973); *Haynes v. Rederi A/S Aladdin,* 362 F.2d 345 (5th Cir. 1966), *cert. denied,* 385 U.S. 1020, 87 S.Ct. 731, 17 L.Ed.2d 557 (1967); *Ashcraft & Gerel v. Liberty Mutual Insurance Co.,* 120 U.S.App.D.C. 51, 343 F.2d 333 (1965); *Spano v. N. V. Stoomvaart Maatschappij "Nederland",* 340 F.Supp. 1194 (S.D.N.Y.1971); *Fontana v. Pennsylvania R.R., supra.*

■ Since Travelers failed to timely assert its lien claim, we decline to find that a lien arose on the settlement proceeds prior to their payment to Jones. As no lien existed on the proceeds, the District was justified in paying them to Jones rather than to Travelers. Therefore, this payment does not constitute an "independent wrong" against Travelers from which an action for damages would lie under *Federal Marine Terminals, Inc. v. Burnside Shipping Co.,*

§ 933(b) should also be considered a waiver with respect to an equitable lien on the employee's recovery fund. The court held that the waiver precluded any assertion of a lien against such proceeds.

7. The trial court apparently recognized the need for intervention in such cases:

[A]ny other tribunal, that has a chance to look at this, will understand the practical problems we had of a party who is not before

the Court, that he has a right to come before the Court; is aware that they are proceeding before the Court in the hope they can intervene; chooses not to intervene but sits back in the "woodshed" and on occasion forces this Court to go to trial on cases that could have been settled if we had all the interest before us; because it's rather difficult for this Court to take a non-party back in the chambers and crank up the "sweat box" to get the case settled.

*supra.* Accordingly, we find the trial court's dismissal of appellant's claim against the District to have been proper.

*Affirmed.*