Robert MOORE, Plaintiff,

v.

Wilbert COOPER, Defendant.

Civ. A. No. 88-3573.

United States District Court,
District of Columbia.

Sept. 25, 1989.

H. Patrick Donohue, Rockville, Md., for plaintiff.

Patrick J. Christmas, Washington, D.C., for defendant.

## ORDER

REVERCOMB, District Judge.

This matter is before the Court pursuant to Defendant's Motion for Joinder of Continental Insurance Company as Interested Party Plaintiff.

Defendant seeks to add Continental Insurance Company as a party plaintiff pursuant to Fed.R.Civ.P. 20(a) on the ground that Continental has a financial interest in this matter. Plaintiff was within the scope of his employment at the time of the March 11, 1988 accident and Continental was the workmen's compensation insurer which honored the Plaintiff's compensation claims. As a result of payments on Plaintiff's claims, Continental has obtained a lien on the proceeds of any settlement or verdict in the Plaintiff's favor.

Although Continental has an interest in this litigation, *see Ceco Corp. v. Maloney*, 404 A.2d 935 (D.C.1979), Defendant does not contend that Continental is either indispensable or necessary for the resolution of this matter within Fed.R.Civ.P. 19. *Cf. Joyner v. F & B Enterprises, Inc.*, 448 F.2d 1185 (D.C.Cir.1971) (a worker's compensation carrier need not be joined as the real party in interest under Fed.R.Civ.P. 17(a) in a personal injury case arising out of the same incident for which compensation benefits have been paid). Accordingly, Defendant cannot rely upon Rule 20(a) to obtain a court order to compel the presence of Continental as a plaintiff in this matter. *See General Investment Co. v. Ackerman*, 37 F.R.D. 38 (S.D.N.Y.1964) (defendants' motion to force plaintiffs to join the presence of others as plaintiffs was denied where the missing entities would have been proper parties within Rule 20(a) but were neither indispensable nor necessary parties within Rule 19). Rule 20(a) is a rule by which plaintiffs decide who to join as parties and is not a means for defendants to structure the lawsuit.[1] Although Continental itself may seek to enter this litigation, Continental is in a better position than Defendant to determine its own interests. *See Joyner v. F & B Enterprises, Inc.*, 448 F.2d at 1188-89.

Accordingly, it is hereby

ORDERED that Defendant's Motion for Joinder be, and the same hereby is, DENIED.

---

1. Of course, a defendant could move for misjoinder pursuant to Fed.R.Civ.P. 21 if a plaintiff did not comply with the standards for joinder of parties under Fed.R.Civ.P. 20.