ADMINISTRATIVE COMMITTEE OF THE WAL–MART ASSOCIATES HEALTH AND WELFARE PLAN, Plaintiff,

v.

Melvin WILLARD, Defendant.

No. CIV.A.02–2571–KHV.

United States District Court, D. Kansas.

June 24, 2003.

Christopher R. Hedican, Baird Holm Law Firm, Omaha, NE, for plaintiff.

Lori A. Bolton Fleming, Thomas E. Hayes, Fred Spigarelli, Spigarelli, McLane & Short, Pittsburg, KS, for defendant.

## MEMORANDUM AND ORDER

WAXSE, United States Magistrate Judge.

This matter is before the Court on Defendant's Motion to Bring In Third-Party Defendant, Wal-Mart Stores, Inc. (doc. 33).

For the reasons set forth below, the Court will deny the motion.

## I. Background Information

On or about June 11, 2001, Mr. Melvin Willard ("Willard") was involved in an "incident" at a Wal-Mart Store in Fort Scott, Kansas. Willard's wife was employed at Wal-Mart, and Mr. Willard was a beneficiary under the Wal-Mart Associates Health and Welfare Plan ("the Plan"). The Administrative Committee of the Wal-Mart Stores, Inc. Associates Health and Welfare Plan ("the Administrative Committee") paid Willard's ensuing medical expenses of $534,919.68. Willard subsequently sued Wal-Mart, Inc. ("Wal-Mart") to recover for his injuries. On or about the 27th of August, 2002, Willard and Wal-Mart reached a confidential settlement agreement. As part of the settlement agreement, Wal-Mart agreed to hold back $534,919.68, representing the amount "the Plan had paid on Willard's behalf for medical expenses," from the total settlement amount. Additionally, the settlement agreement required Wal-Mart to file a declaratory judgment action "wherein Wal-Mart Stores, Inc. [would] be the plaintiff and the Plan and Willard [would] be the defendants" in order to determine if "the Plan has a valid and enforceable lien on the $534,919.68." To date, Wal-Mart has not filed a declaratory judgment action.

On November 11, 2003, the Administrative Committee brought the current action against Willard to enforce the subrogation and reimbursement provisions of the Plan, also alleging Willard breached his fiduciary duty to the Plan. Wal-Mart filed a motion to intervene, which was granted on January 21, 2003. Thereafter, Wal-Mart filed a motion to deposit the sum of $534,919.68 into the Registry of the Court, stating that it had "no claim or interest in the resolution proceeds." On April 1, 2003, the Court granted Wal-Mart's motion to deposit the funds and Wal-Mart was dismissed from the case upon payment of the funds into the registry. In the order dismissing Wal-Mart, the Court noted "to the extent Willard believes that Wal-Mart may have breached the settlement agreement, he may seek leave to amend to

add Wal–Mart as a third-party defendant." (doc. 27). Willard has now filed a motion to add or join Wal–Mart as a party to this action. In the proposed amended complaint, Willard seeks to assert breach of contract, breach of fiduciary duty, and equitable estoppel claims against Wal–Mart for its failure to file a declaratory judgment action in accordance with the settlement agreement. Both the Administrative Committee and Wal–Mart filed responses in opposition to Willard's motion.

## II. Analysis of Applicable Rules

### A. Local Rule 7.1(a)

As pointed out by the Administrative Committee in its response, Willard's Motion to Bring in Third–Party Defendant, Wal–Mart, Inc. does not comply with the local rule concerning the form and filing of motions. District of Kansas Rule 7.1(a) governs the form and filing of motions in civil cases. It provides that all motions shall be accompanied by a brief or memorandum, except for (1) when the rules provide otherwise, or (2) when the parties have been relieved of this requirement with approval of the Court.[1] Willard's motion clearly does not meet this standard, as it summarily asks the court to add Wal–Mart as a third-party defendant without any supporting brief or memorandum.

Willard attempts to explain his non-compliance with Rule 7.1(a) by stating that due to the Court's footnote in its order dismissing Wal–Mart, "the Court and Parties were well-aware of why Willard would seek to amend to add Wal–Mart as a third-party defendant." Although all concerned parties do possess a high degree of familiarity with the case at hand, and that upon Wal–Mart's dismissal the Court noted that Willard may seek to add Wal–Mart as a third-party, full compliance with the rule is still required. Neither familiarity nor the Court's reference permitting him to seek leave to add Wal–Mart as a third-party defendant relieves the requirement of filing a motion with an accompanying brief or memorandum. In addition to the procedural deficiency of Willard's motion, there is not a substantive basis under the Federal Rules of Civil Procedure to add Wal–Mart as a third-party defendant.

### B. Federal Rule of Civil Procedure 14(a)

Although Willard's initial motion did not cite either a basis or authority for adding Wal–Mart as a third-party defendant, the court surmises from the language in the heading of the motion and the proposed third-party complaint against Wal–Mart attached to the motion, that Willard attempts to invoke Federal Rule of Civil Procedure Rule 14(a). In addition, opposing counsel appears to have analyzed Rule 14(a) in their brief opposing Willard's motion. Because both the Administrative Committee and Wal–Mart had an opportunity to address Rule 14(a) arguments in their responses to Willard's motion, the Court will waive the procedural deficiency of Willard's motion as it pertains to Rule 14(a).

 Federal Rule of Civil Procedure Rule 14(a) provides that a defendant may bring in a third-party "who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff."[2] Rule 14 is typically invoked in two scenarios: (1) where a tortfeasor is seeking contribution from a joint tortfeasor, and (2) where an insured is pursuing indemnification. Although the invocation of Rule 14 is not limited to the above two scenarios, it is crucial Wal–Mart's liability is in some way dependent on the outcome of the main claim or that Wal–Mart is secondarily liable to Willard.[3] Moreover, Willard's claim against Wal–Mart cannot simply be a related claim or one arising against the same general background, but must be based on the Administrative Committee's claim of liability against him.[4] Although Rule 14 was

---

1. D. Kan. Rule 7.1(a).

2. Fed.R.Civ.P. 14(a).

3. *Bethany Med. Ctr. v. Harder,* 641 F.Supp. 214, 217 (D.Kan.1986)

4. *Id.*

designed to reduce multiplicity of litigation[5], the principle of secondary or derivative liability is central.[6] Therefore, a defendant may not contend that another person is liable directly to the plaintiff. Rather, the rule allows a defendant to bring in parties if liability may be passed on to the impleaded third-party. The burden of proving that impleader is proper rests on the third-party plaintiff.[7]

However, even if the third-party plaintiff shows that either requirement of derivative liability or dependence of claims is met, it is within the court's discretion to grant or deny a motion for impleader. Some of the relevant factors for a court to consider when exercising this discretion include: (1) the benefits of a single action versus prejudice to the other party and confusion, (2) the timeliness of the request and prejudice to the plaintiff in delay, (3) whether the main case would unnecessarily expand in scope, (4) whether impleading new parties would unduly delay or complicate the trial, and (5) whether the third-party plaintiff's motion states sufficient grounds for the court to evaluate the propriety of third-party complaints.[8] Lastly, "[t]he granting or denial of leave to a defendant to prosecute a third-party claim rests in the trial court's sound discretion." [9]

Here, the Court determines that Willard has not shown that Wal–Mart either may liable to him for the claims asserted by the Administrative Committee or that his proposed claims against Wal–Mart are dependent upon the current case. Thus, Rule 14(a) is not an appropriate basis for adding Wal–Mart to the current action. A determination in this case that Willard may or may not be liable to the Administrative Committee for reimbursement of medical expenses paid on his behalf has no bearing on Willard's proposed breach of contract, breach of fiduciary duty, and equitable estoppel claims against Wal–Mart. Willard has therefore failed to show that there is any connection between the potential liability of Wal–Mart and the Administrative Committee's claim of liability against him. Rather, he has merely shown that his claims against Wal–Mart arise from the same general background as the current action. In addition, Wal–Mart is not derivatively liable to Willard. Although the settlement agreement provided for Wal–Mart to hold back the exact sum the Administrative Committee expended on Willard's behalf for medical expenses, Wal–Mart's payment of the funds into the Registry of the Court removed any derivative liability. Therefore, Wal–Mart may not be brought in as a third-party defendant pursuant to Rule 14(a) due to both the lack of derivative liability and dependence of claims. Furthermore, as Willard has failed to show either derivative liability or dependance of claims, the Court need not address the discretionary factors. Accordingly, Willard cannot add Wal–Mart as a third-party defendant under Rule 14(a).

## C. Federal Rules of Civil Procedure 20(a) and 19(a).

In his reply brief, Willard argues that Rules 19 and 20 are also appropriates bases for joining Wal–Mart as a party to this action. Ordinarily, a party is precluded from raising new arguments and issues for the first time in a reply brief.[10] Therefore, Willard's lack of specificity not only violates Local Rule 7.1(a), but also precludes him from raising new arguments and issues in his responsive brief because opposing counsel

---

**5.** *United of Omaha Life Ins. Co. v. Reed*, 649 F.Supp. 837, 841 (D.Kan.1986) (citing *United States v. Yellow Cab Co.*, 340 U.S. 543, 556, 71 S.Ct. 399, 95 L.Ed. 523 (1951)).

**6.** *In re Dep't of Energy Stripper Well Exemption Litig.*, 752 F.Supp. 1534, 1536 (D.Kan.1990).

**7.** *Leasetec Corp. v. Inhabitants of County of Cumberland*, 896 F.Supp. 35, 40 (D.Me.1995) (citing *Mass. Laborers' Health & Welfare Fund v. Varrasso*, 111 F.R.D. 62, 63 (D.Mass.1986)).

**8.** *City of Wichita, Kan. v. Aero Holdings, Inc.*, No. 98–1360–MLB, 2000 WL 1480490, at *1 (D.Kan. April 7, 2000).

**9.** *Bethany*, 641 F.Supp. at 217.

**10.** *Codner v. United States*, 17 F.3d 1331, 1332 n. 2 (10th Cir.1994).

has not had an opportunity to respond.[11] Therefore, as opposing counsel has not had an opportunity to address joining Wal–Mart under either Rule 19 or 20, Willard may not argue them as a basis for joining Wal–Mart. However, despite the preclusive effect of Wal–Mart's deficient motion, neither Rule 19 nor Rule 20 would provide a basis to add Wal–Mart.

Rule 20(a) would not be appropriate in this case because Willard, as a defendant, cannot use Rule 20(a) to join Wal–Mart. The Tenth Circuit has held that Rule 20 "is a right belonging to plaintiffs … [and] a defendant cannot use Rule 20 to join a person as an additional defendant."[12] Therefore, as a defendant in the current action, Rule 20 is not available to Willard as a means to join Wal–Mart as a party to the current action.

Rule 19(a) also would not provide a basis to join Wal–Mart to the current action. Wal–Mart is not a necessary party pursuant to Rule 19(a)(1). The joinder of Wal–Mart is not needed to protect the interests of either the Administrative Committee or Willard. Both the Administrative Committee and Willard will be accorded complete relief since Wal–Mart paid the funds into the Registry of the Court.

Similarly, Wal–Mart is not a necessary party pursuant to Rule 19(a)(2). The joinder of Wal–Mart is not needed to protect its interest. Indeed, in its motion to deposit funds, Wal–Mart stated that it "has no claim or interest in the resolution proceeds of $534,919.68." (doc.13). Moreover, the failure to join Wal–Mart will not subject the Administrative Committee or Willard to inconsistent obligations by reason of the claimed interest in the settlement proceeds.

### III. Conclusion

Willard's motion to add or join Wal–Mart to this action did not comply with District of Kansas Rule 7.1(a) which governs the form and filing of motions. Despite this deficiency, Rule 14(a) does not provide a basis to add Wal–Mart as a third-party defendant. In addition, Willard is precluded from arguing Rules 19 and 20, both of which would be improper bases to join Wal–Mart, for the first time in his reply brief. Therefore, Wal–Mart may not be added or joined to the current action.

**IT IS THEREFORE ORDERED** that Defendant Willard's Motion to Bring In Third–Party Defendant, Wal–Mart Stores, Inc. (doc. 33) is denied.

**IT IS SO ORDERED.**

---

**11.** *Mike v. Dymon, Inc.,* No. 95–2405–EEO, 1996 WL 427761, at *2 (D.Kan. July 25, 1996); *See also Minshall v. McGraw Hill Broadcasting Co., Inc.,* 323 F.3d 1273, 1288 (10th Cir.2003) (holding that argument raised for the first time in reply brief is waived).

**12.** *Hefley v. Textron, Inc.,* 713 F.2d 1487, 1499 (10th Cir.1983); *see also Moore v. Cooper,* 127 F.R.D. 422 (D.D.C.1989) (holding that Rule 20(a) is a rule by which plaintiffs decide who to join as parties and is not a means for defendants to structure the lawsuit).